# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 11-1616** (Webster County 11-F-32)

**Brenda Lunsford,**
**Defendant Below, Petitioner**

**FILED**

**April 12, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## CORRECTED MEMORANDUM DECISION

Petitioner Brenda Lunsford, by counsel, William C. Forbes, appeals the Circuit Court of Webster County's order entered September 13, 2011, sentencing her to two consecutive terms no less than one nor more than three years of incarceration for each term. The State of West Virginia, by counsel Robert D. Goldberg, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was arrested for delivery of a Schedule IV controlled substance for delivering fifteen pills of Xanax in exchange for $45 in two separate transactions. She also was charged in another case with possession of stolen property that she had purchased from an acquaintance. Petitioner pleaded guilty to two counts of possession of a controlled substance and the charges relating to stolen property were dropped pursuant to the plea agreement. At the plea hearing, the circuit court assigned an adult probation officer to prepare a pre-sentence report. The Webster County probation officer is the sister of one of the victims in the stolen property charges, and thus the circuit court assigned a Braxton County officer to the case. The circuit court sentenced petitioner to not less than one nor more than three years incarceration for each of the two charges of possession of a controlled substance, to be served consecutively. Petitioner's request for an alternative sentence was denied.

"'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, State v. Lucas, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). Moreover, "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)" Syl. Pt. 6, *State v. Slater*, 222 W.Va. 499, 665 S.E.2d 674 (2008).

On appeal, petitioner argues the following four assignments of error: (1) that the circuit court had a conflict of interest that so prejudiced petitioner that it undermined the integrity, independence and reputation of the judiciary in violation of the Code of Judicial Conduct; (2) that her bail was excessive in violation of West Virginia Constitution, Article III, § 5; (3) that the prosecution abandoned its quasi-judicial role; and, (4) that the sentence was disproportionate in violation of the West Virginia Constitution, Article III, § 5. For the first assignment of error, petitioner argues that neither she nor her counsel knew of the relationship between one of the victims of the stolen property offense and the probation officer. Had petitioner known of this relationship, she argues, she would have prompted her to move for recusal and go to trial rather than seek a plea bargain. She argues that the circuit court violated Canon 3C(1) of the Code of Judicial Ethics by not recusing himself because an alleged victim is the sister of the probation officer and because the circuit court was "laboring under passions and prejudices against counsel for the State . . . ." In response, the State argues that petitioner failed to substantiate her claims of prejudice, but merely repeated inferences and made supposedly self-evident claims and waived the arguments by not raising them below.

Second, petitioner argues the $50,000 bail was excessive due to her ties to the community and that she was sixty-one years old with no criminal record prior to her arrest in this matter other than driving under the influence of alcohol thirty years ago. Respondent argues that the issue is moot, since she is incarcerated and that even if it was not mooted, the bail was set by the magistrate, not the circuit court.

Petitioner next argues that a prosecutor has a "quasi-judicial role[,]" Syl. Pt. 3, *State v. Boyd*, 160 W. Va. 234, 233 S.E.2d 710 (1977), which she argues mandated that the State inform petitioner of the relationship between the alleged victim and the probation officer. Further, petitioner argues that the prosecution did not give her a "fair shake" because it was attempting to appease the circuit court after the court discussed how the State has handled confidential informants in other cases. Petitioner pointed to the State's recommendation for incarceration, which it argued made it more difficult to seek alternative sentencing in lieu of incarceration. The State responds that petitioner did not show prosecutorial misconduct because the charges related to the felony involving the probation officer's sister were dropped. The State believes that petitioner's counsel knew of the alleged victim's identity and makes the claim in bad faith. The State further argues that it did not seek to "appease the trial court's displeasure with the prosecution . . ." on other issues, because the State did not know in advance that the court would discuss issues relating to other cases at the plea hearing, which was after plea negotiations took place.

Finally, petitioner argues that the sentence was disproportionate to the underlying offense in violation of the West Virginia State Constitution Article II, § 5. Petitioner again argues her ties to Webster County, lack of criminal history, age and infirmity, as well as the fact that she cried at the sentencing hearing as evidence of her contrition. She argues she should have been considered for an alternative sentence in lieu of incarceration, but due to "substantial passions and prejudices" of the circuit court, she was not. The State points out that petitioner is unable to argue that the sentences were outside the statutory limits, so she is forced to argue subjective/objective proportionality test identified in *State v. Cooper*, 172 W. Va. 266, 272, 304 S.E.2d 851, 857 (1983). The State does not dispute the assertions made by petitioner, but counters that other factors negate them. Specifically,

the State points out that over $2,000 in cash and expensive jewelry were found in petitioner's home, despite her income allegedly being $1,432 per month, and that she was out on bond on other charges when she sold the controlled substances.

The Court has carefully considered the merits of each of petitioner's arguments as set forth in her petition for appeal. We find that the petitioner waived the alleged violations of impartiality by the circuit court and prosecutorial discretion by not objecting to the alleged prejudices before raising them on appeal. The alleged excessive bail was mooted upon conviction. *Spaulding v. W. Va. State Penitentiary*, 158 W. Va. 557, 559, 212 S.E.2d 619, 621 (1975), overruled on other grounds by *State ex rel. White v. Mohn*, 168 W. Va. 211, 283 S.E.2d 914 (1981). Finally, we find no abuse of discretion by the circuit court sentencing petitioner to two consecutive sentences. Petitioner pled guilty to two felony counts of delivery of a controlled substance in violation of West Virginia Code § 60A-4-401(a). Pursuant to that statute, any defendant convicted thereunder "may be imprisoned in the state correctional facility for not less than one year nor more than five years. . . ." Because the sentences imposed were within statutory limits and were not based on an impermissible factor, the Court finds no error.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**:  April 12, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II