# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

May 17, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 12-0186** (Monongalia County 11-F-144)

**Matthew Moore,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Matthew Moore, by counsel, DeAndra Burton, appeals the Circuit Court of Monongalia County's sentencing order entered on October 12, 2011. The State, by counsel, has filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner pled guilty to robbery in the first degree and conspiracy on August 16, 2011. At the sentencing hearing, petitioner attempted to withdraw his guilty plea, claiming coercion based upon the State's threat to seek a recidivist sentence if petitioner went to trial, and self-preservation based on his desire to avoid receiving a harsher sentence. A presentence investigation report was completed. A sentencing hearing was held on October 18, 2011, wherein the victim addressed the court. The circuit court then entered an order on October 18, 2011, sentencing petitioner to thirty years of incarceration for first degree robbery, and one to five years of incarceration for conspiracy with the sentences to run concurrently.

On appeal, petitioner argues that his plea was not knowingly, voluntarily, and intelligently entered. He states that he was coerced into taking the plea based on the fear of a recidivist enhancement and that he misunderstood his potential sentence. Petitioner also argues that his sentence is excessive and "shocking" because he is not eligible for parole for ten years. The State argues that the plea was voluntary, as evidenced by the transcript, and that his sentence was within statutory limits.

"'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). Moreover, the Court has previously stated that,

1

[i]n *Call v. McKenzie*, 159 W.Va. 191, 220 S.E.2d 665 (1975), we detailed the procedural safeguards to be undertaken on the record by the trial judge before accepting a defendant's . . . plea, so that a reviewing court could determine that the defendant's waiver of rights was voluntary, knowing, and intelligent.

*State v. Neuman*, 179 W.Va. 580, 584, 371 S.E.2d 77, 81 (1988). Upon a review of the record, it is clear that petitioner was fully advised of the possible and correct sentence by the circuit court, and that the circuit court thoroughly informed petitioner of the consequences of the guilty plea. Therefore, we find that petitioner's guilty plea was properly accepted by the circuit court.

In relation to excessive sentences, this Court has stated that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 6, *State v. Slater*, 222 W.Va. 499, 665 S.E.2d 674 (2008). However, this Court has held as follows:

> Punishment may be constitutionally impermissible, although not cruel or unusual in its method, if it is so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity, thereby violating West Virginia Constitution, Article III, Section 5 that prohibits a penalty that is not proportionate to the character and degree of an offense.

Syl. Pt. 5, *State v. Cooper*, 172 W.Va. 266, 304 S.E.2d 851 (1983). The sentence herein is within statutory limits and is not based on some impermissible factor. Further, this Court finds that the sentence does not shock the conscience or offend the fundamental notions of human dignity. Therefore, the sentence is not excessive.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 17, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II