**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia, Plaintiff Below,**
**Respondent**

**FILED**

**October 21, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs) No. 13-0310** (Wirt County 12-F-16)

**Dustin Shawn Cottrell, Defendant Below,**
**Petitioner**

## MEMORANDUM DECISION

Petitioner Dustin Cottrell, by counsel G. Bradley Frum, appeals the Circuit Court of Wirt County's February 19, 2013, order sentencing him to a term of incarceration of one to five years following his guilty plea to one count of manufacturing a controlled substance, marijuana. The State, by counsel Laura Young, filed a response. On appeal, petitioner alleges that the circuit court erred in denying his request for alternative sentencing and that his sentence constitutes a violation of double jeopardy.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2012, a Wirt County Grand Jury indicted petitioner on one count of manufacturing a controlled substance after petitioner was arrested for cultivating marijuana. In December of 2012, petitioner entered into a plea agreement whereby he pled guilty to one count of manufacturing a controlled substance, marijuana. The State agreed to recommend probation if petitioner's pre-sentence investigation report was favorable. During the pre-sentence investigation, it was discovered that petitioner was convicted in 1997 of first degree sexual assault, and the circuit court determined that petitioner never completed mandatory sex offender treatment related to that conviction. Further, the pre-sentence investigation report indicated that petitioner pled guilty to four misdemeanors since 1997. At sentencing, the circuit court denied petitioner's request for probation or home incarceration and sentenced him to a term of incarceration of one to five years by order entered February 19, 2013. It is from this order that petitioner appeals

Upon our review, the Court finds no error in regard to the circuit court denying petitioner's request for alternative sentencing, and we further find that petitioner's sentence does not constitute a violation of the protection against double jeopardy. To begin, West Virginia Code

1

§§ 62-12-3 and 62-11B-4(a) grant circuit courts discretion in ordering a defendant to serve a sentence on probation or home incarceration, respectively. In the present case, the circuit court denied petitioner's request for alternative sentencing because, after reviewing petitioner's pre-sentence investigation report and lengthy criminal history, it found that he was likely to commit another crime. Upon our review, we find no abuse of discretion in denying petitioner alternative sentencing and imposing a sentence of incarceration.

In imposing sentence, the circuit court sentenced petitioner to a term of incarceration of one to five years. Pursuant to West Virginia Code § 60A-4-401(a), any person convicted of manufacturing a Schedule I narcotic "may be imprisoned in the State correctional facility for not less than one year nor more than fifteen years . . . ."[1] We have previously held that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). Upon our review, we find that petitioner's sentence is not appropriate for review because it was within the applicable statutory limits and not based on any impermissible factor.

While petitioner argues that his failure to obtain mandatory sex offender treatment pursuant to his prior conviction for first degree sexual assault constitutes an impermissible factor upon which to base his sentence, the Court disagrees. According to Rule 32(b) of the West Virginia Rules of Criminal Procedure, in imposing sentence, circuit courts may consider the defendant's pre-sentence investigation report, which includes the defendant's prior criminal history. In the current matter, this report contained information concerning petitioner's prior conviction for first degree sexual assault. The circuit court further noted that petitioner failed to complete mandatory sex offender treatment pursuant to that conviction. The circuit court was within its right to consider petitioner's prior failure to complete this mandatory treatment in determining petitioner's current sentence, as it speaks directly to petitioner's willingness and ability to comply with the terms of a potential alternative sentence. As such, we find that this does not constitute an impermissible factor for the purposes of imposing sentence.

Further, the Court finds no merit in petitioner's argument that basing his sentence in the current matter, in part, upon his failure to complete the mandatory sex offender treatment constitutes a violation of his protection against double jeopardy. We have previously held that "[t]he strength of a double jeopardy claim is whether a defendant is facing multiple punishment for the same course of conduct." Syl. Pt. 4, in part, *State v. Sears*, 196 W.Va. 71, 468 S.E.2d 324 (1996). The circuit court in this matter imposed sentence for the crime of manufacturing a controlled substance, not the crime of first degree sexual assault. It is clear that petitioner is not facing multiple punishments for the same course of conduct, but rather his prior criminal history and failure to obtain mandatory sex offender treatment was considered in imposing sentence in the current matter. For these reasons, we find no violation of petitioner's right against double jeopardy.

---

[1] Pursuant to West Virginia Code § 60A-2-204(d)(1), marihuana is a Schedule I narcotic.

For the foregoing reasons, the circuit court's February 19, 2013 sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: October 21, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3