# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

**January 15, 2014**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs) No. 13-0538** (Wood County 92-F-110)

**Harold Stephen M.,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Harold Stephen M.[1], by counsel Wells H. Dillon, appeals the April 23, 2013 order of the Circuit Court of Wood County resentencing petitioner. Respondent State of West Virginia, by counsel Christopher S. Dodrill, has filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was tried upon allegations that he molested his ten-year-old stepdaughter and her friend. Both victims testified at trial. Petitioner was convicted on two counts of sexual assault in the first degree; two counts of sexual abuse in the first degree; two counts of sexual abuse by a parent; and, one count of battery in Wood County in August of 1993. Petitioner moved for a new trial based on: (a) the court's denial of his motions for judgment of acquittal or directed verdict; (b) the court allowing the State to reopen its case-in-chief for the presentation of additional evidence after the State rested; and, (c) the court's denial of petitioner's pretrial motions regarding severance of the counts of the indictment involving one victim from those involving the other victim. Petitioner was sentenced to fifteen to twenty-five years of incarceration on each count of sexual assault; one to five years of incarceration on each count of sexual abuse in the first degree; five to ten years of incarceration on each count of sexual abuse by a parent; and, one year in the county jail on the battery charge. All sentences were to run consecutively.

---

[1]Because of sensitive facts, we protect the identities of those involved. *See State ex rel. West Virginia Dept. of Human Services v. Cheryl M.*, 177 W.Va. 688, 689 n.1, 356 S.E.2d 181, 182 n.1 (1987).

1

Petitioner filed his first petition for writ of habeas corpus in October of 2001, seeking resentencing. On November 27, 2001, petitioner's sentence was amended based on the trial court's miscalculation. His sentence was amended to fifteen to twenty-five years of incarceration on each count of first degree sexual assault; one to five years on each of the sexual abuse convictions; five to ten years on each of two counts of sexual abuse by a parent; and, one year in jail on the battery charge. Also in November of 2001, petitioner was resentenced for purposes of filing a direct appeal. The appeal was refused by this Court on July 12, 2002.

Petitioner then filed another petition for writ of habeas corpus in October of 2002, which was summarily denied as "without merit" in a two-sentence order. Petitioner appealed that denial to this Court, which granted the petition and remanded the case for appointment of counsel and an omnibus hearing. Current counsel was appointed, and an amended petition was filed on May 16, 2007, arguing twenty separate grounds for relief. Evidentiary hearings were held on January 23, 2008, and February 4, 2009. On July 19, 2012, the circuit court issued its opinion denying the petition for writ of habeas corpus except as to Ground 16, which requested a resentencing hearing based on an improper sentence. The circuit court granted petitioner a resentencing hearing.

In January of 2013, petitioner was examined by Dr. Bobby Miller, who issued a report dated January 30, 2013, at the request of petitioner's counsel. Dr. Miller found that petitioner was at "moderate to high risk for sexual re-offense among the general population." Standardized testing showed that petitioner ranked at the "severe problems" level because he perceives children as sexually attractive and sexually motivated. He was therefore found not to be a candidate for specific sexual-offender-based treatment. Based on his examination, Dr. Miller found that petitioner likely suffers from a paraphilia regarding exhibitionism and frotteruism ("recurrent, intense sexually arousing fantasies; sexual urges or behaviors involving touching or rubbing against a nonconsenting person."). Dr. Miller further noted that "[h]istorically, Mr. M[.]'s victims were subjects of opportunity within his environment. Should Mr. M[.] be released from incarceration, it is recommended that he be incapacitated through some other means such as home confinement."

Petitioner was resentenced in April of 2013. Counsel argued for concurrent sentencing to allow for release based on petitioner's age (sixty-nine years old), his poor health, and his lack of a prior criminal record. The State pointed out petitioner's lack of remorse for the crimes. Based on Dr. Miller's report, the court denied alternative sentencing and once again ordered consecutive sentences. However, petitioner's sentences on the first degree sexual assault charges were reduced to consecutive ten to twenty year terms. He was also sentenced to one to five years of incarceration on each of the two counts of sexual abuse in the first degree; five to ten years of incarceration on each of the two counts of sexual abuse by a parent; and, one year in the regional jail on the battery charge.

Petitioner raises three assignments of error on appeal of his resentencing order. First, he argues that the circuit court erred in not granting his request to dismiss the indictment filed against him or grant him a new trial due to the many instances of the ineffectiveness of his trial counsel James Bradley Jr. This Court has applied the following standard to claims concerning ineffective assistance of counsel:

In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). Furthermore, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068 (1984). In the present case, petitioner gives a list of actions or inactions he feels illustrates his counsel's ineffective assistance. These include: allowing the preliminary hearing to be held when petitioner was not present; failing to have petitioner's competency evaluated; failing to file a motion for a bill of particulars until after the trial was continued; failing to object to the State's motion to continue the trial based on one victim's unavailability; failing to insist on inspecting counseling records of one of the victims; failing to move for a mistrial when testimony regarding petitioner's right to remain silent was brought up at trial; failing to have petitioner submit to a sexual offender evaluation; failing to hire an expert witness; failing to request a lesser included instruction; failing to object to the improper sentence which has now been corrected; and, failing to appeal for eight years. In the present case, the ineffective assistance of counsel claim is improper as the issue has been fully litigated in a proper habeas corpus proceeding.[2] Therefore, we will not address this assignment of error.

Second, petitioner argues that the circuit court erred in not finding that his constitutional right to a fair trial was violated by the trial judge's failure to conduct a proper 404(b) evidentiary hearing. The testimony was proffered and no in camera hearing was held. This Court has stated as follows:

> Where an offer has been made of lustful disposition evidence pursuant to *State v. Edward Charles L.,* 183 W.Va. 641, 398 S.E.2d 123 (1990), the reviewing court must evaluate the admissibility of that evidence as required by *Edward Charles L.* and *State v. McGinnis,* 193 W.Va. 147, 455 S.E.2d 516 (1994).

Syl. Pt. 3, *State v. Jonathan B.,* 230 W.Va. 229, 737 S.E.2d 257 (2012). Upon our review of the record, we do not find that the circuit court abused its discretion. This Court has stated:

> Collateral acts or crimes may be introduced in cases involving child sexual assault or sexual abuse victims to show the perpetrator had a lustful disposition towards the victim, a lustful disposition towards children generally, or a lustful disposition to specific other children provided such evidence relates to incidents reasonably close in time to the incident(s) giving rise to the indictment. To the extent that this conflicts with our decision in *State v. Dolin,* 176 W.Va. 688, 347

---

[2]Petitioner appealed the circuit court's denial of habeas corpus relief. This Court affirmed the denial via memorandum decision. See, *Harold Stephen M. v. David Ballard, Warden,* No. 12-1034 (W.Va. Supreme Court, January __, 2014) (memorandum decision).

S.E.2d 208 (1986), it is overruled.

Syl. Pt. 2, *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Pursuant to our caselaw, evidence that petitioner had sexually molested his daughter in other ways - including putting his tongue in her mouth - was clearly admissible to show his lustful disposition toward children. Further, we agree with the circuit court's finding during the habeas corpus proceeding below[3] that there was sufficient evidence to show that the acts occurred; that the evidence was admissible for a legitimate purpose; and, that the evidence of "other acts" was more probative than prejudicial pursuant to Rule 403 of the West Virginia Rules of Evidence. Thus, although no hearing was held, the court conducted a proper analysis and determined that the evidence was admissible.

Finally, petitioner argues that the circuit court: (1) abused its discretion in sentencing him to consecutive sentences and denying alternative sentencing, and (2) imposed a sentence that he believes to be cruel and unusual under the circumstances of this case. Petitioner states that the imposition of thirty-two to seventy years of incarceration is excessive given the offense and tantamount to a life sentence given petitioner's advanced age and failing health. He further argues that home incarceration would have been far more appropriate under the circumstances.

"'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). Moreover, "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 6, *State v. Slater*, 222 W.Va. 499, 665 S.E.2d 674 (2008). However, this Court has held as follows:

> Punishment may be constitutionally impermissible, although not cruel or unusual in its method, if it is so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity, thereby violating West Virginia Constitution, Article III, Section 5 that prohibits a penalty that is not proportionate to the character and degree of an offense.

Syl. Pt. 5, *State v. Cooper*, 172 W.Va. 266, 304 S.E.2d 851 (1983). Upon our review, we find no abuse of discretion by the circuit court in petitioner's sentences. The sentences imposed were within statutory limits and not based on an impermissible factor, nor were they disproportionate to the crimes. Importantly, the initial errors on petitioner's sentence have been corrected by resentencing. Therefore, we find no error in the circuit court's sentencing order.

For the foregoing reasons, we affirm.

---

[3]See Footnote 2.

Affirmed.

**ISSUED:** January 10, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II