STATE OF WEST VIRGINIA

*v.*

JAMES GOODNIGHT

(No. 15210)

Decided February 24, 1982.

*Rose, Southern & Padden and Duane Southern* for appellant.

*Chauncey H. Browning,* Attorney General, *and Marianne Hoover,* Assistant Attorney General, for appellee.

HARSHBARGER, JUSTICE:

A two-count Marion County Grand Jury indictment charged James Goodnight with larceny of a $6,000

Gravely tractor belonging to John Carpenter, and with receiving this tractor as stolen property. The trial court directed a verdict on the receiving stolen property count,* and a jury found Goodnight guilty of attempted grand larceny. He was sentenced to one year in the county jail and fined $500.00.

The tractor was taken from church property where Carpenter had been using it to mow the lawn; but Fairmont police found it unattended in woods about three miles from the church, outside the city. They watched the area and arrested Goodnight and companions when they attempted to remove the tractor, but failed because it became mired in mud.

The indictment charged:

> DOMINICK ALVARO and JAMES GOODNIGHT on the ____ day of June, 1980, in the said County of Marion, one (1) Gravely tractor of the value of Six Thousand Dollars ($6,000.00), of the goods, chattels and property of John Carpenter, unlawfully and feloniously did steal, take and carry away, against the peace and dignity of the State.

> SECOND COUNT: And the Grand Jurors aforesaid, upon their oaths aforesaid, do further present that the said DOMINICK ALVARO and JAMES GOODNIGHT, on the ____ day of June, 1980, and prior to the date of the finding of this indictment, in the said County of Marion, did unlawfully and feloniously receive from a person or persons to the Grand Jurors aforesaid unknown, certain goods and property, . . . .

All components of grand larceny—i.e., jurisdiction, date, specific property, value, owner, intent, taking and asportation—are set out.

---

\* The Court instructed the jury:

"You are advised that there is insufficient evidence to convict the defendant of a larceny of the Gravely tractor from the property of the Central Christian Church on Big Tree Drive. Therefore, any consideration you have with regard to the offense of larceny must be limited to the larceny of said tractor alleged to have occurred from the property of Blair Wolfe [the wooded area]."

"Larceny, as distinguished from other offenses, is the taking and carrying away from any place, at any time, of the personal property of another, without his consent, by a person not entitled to the possession thereof, feloniously, with intent to deprive the owner of his property permanently, and to convert it to the use of the taker or of some person other than the owner; * * *".

State v. Pietranton,
137 W.Va. 477, 72 S.E.2d 617,
620 (1952).

An indictment for larceny that follows the language of Code, 62-9-10, is sufficient. State v. Lewis, 138 W.Va. 743, 77 S.E.2d 606 (1953). Code, 62-9-10 does not require an indictment to allege the specific place of theft:

An indictment for larceny shall be sufficient if it be in form, tenor or effect as follows (after following the form in section one [§ 62-9-1]):

That A . . ., on the . . . day of . . ., nineteen . . ., in the said county of . ., one (here describe the property or articles stolen, giving value of separate items) of the value of . . . dollars, of the money, goods, effects and property of B . . ., feloniously did steal, take and carry away, against the peace and dignity of the State.

And if the offense be petit larceny, the word "unlawfully" shall be substituted for the word "feloniously" in the form aforesaid, and after the word "aforesaid" the words "and within one year before the finding of this indictment" shall be inserted.

"All allegations, unnecessary to be proved, may be omitted in any indictment or other accusation." Code, 62-2-9. See also Code, 62-2-11.

Defendant had sufficient information to enable "him to prepare his defense and plead his conviction as a bar to later prosecution for the same offense." State v. Furner, ____ W.Va. ____, 245 S.E.2d 618 (1978), Syllabus Point 1. Goodnight knew that he was arrested on the Blair Wolfe

property after trying to move the tractor. He was not misled or hindered in his defense.

Judge Fred Fox's conclusion that there was insufficient evidence to convict Goodnight of larceny *from the church property* did not resolve the larceny count. All events were not part of a "same transaction" per *State ex rel. Dowdy v. Robinson*, 163 W.Va. 154, 257 S.E.2d 167 (1979), Syllabus Point 1. There was no other double jeopardy problem. *See State ex rel. Watson v. Ferguson*, ____ W.Va. ____, 274 S.E.2d 440 (1980); *Conner v. Griffith*, ____ W.Va. ____, 238 S.E.2d 529 (1977), Syllabus Point 1.

When defendant was arrested, police seized planks, a battery, jumper cables and plastic from the truck Goodnight and his compatriots had driven into the woods and toward which they were propelling the tractor when mud stopped its progress. Goodnight objected to admission of these items, claiming that Fairmont City Police were outside their jurisdiction when they arrested him outside the corporate limits.

Evidence seized during an unlawful arrest is inadmissible. *State v. Thomas*, 157 W.Va. 640, 203 S.E.2d 445 (1974), Syllabus Point 6. The larceny from the church grounds was within the city. Goodnight was convicted of attempted larceny beginning and ending outside of Fairmont proper. W. Va. Code, 8-14-3 provides in part:

> In order to arrest for the violation of municipal ordinances and as to all matters arising within the corporate limits and coming within the scope of his official duties, the powers of any chief, policeman or sergeant shall extend anywhere within the county or counties in which the municipality is located, and any such chief, policeman or sergeant shall have the same authority of pursuit and arrest beyond his normal jurisdiction as has a sheriff. For an offense committed in his presence, any such officer may arrest the offender without a warrant and take him before the mayor or police court or municipal court to be dealt with according to law.

City Officer Offutt was investigating the church property larceny when he discovered the stolen goods. That was within the scope of his official duties and extended his power to that of a sheriff, *accord, State v. Plantz,* 155 W.Va. 24, 180 S.E.2d 614, 621 (1971). Continuing his investigation, he observed an offense in his presence and could arrest for it. Code, 8-14-3; *State v. Whitt,* 96 W.Va. 268, 122 S.E. 742 (1924), Syllabus Point 7; *accord, State v. Holmes,* 125 W.Va. 97, 23 S.E.2d 61, 63 (1942); *Mount v. Quinlan,* 104 W.Va. 118, 139 S.E. 474 (1927). If probable cause existed to arrest for a felony, the verdict is irrelevant to the legality of arrest or seizure. *City of McMechen ex rel. Willey v. Fidelity and Casualty Co. of New York,* 145 W.Va. 660, 116 S.E.2d 388 (1960), Syllabus Point 1. So, the items were seized during a lawful arrest and were admissible. *Accord, Draper v. United States,* 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1956); *State v. Pratt,* 161 W.Va. 530, 244 S.E.2d 227 (1978); *State v. Spadafore,* 159 W.Va. 236, 220 S.E.2d 655 (1975); *State v. Johnson,* 157 W.Va. 341, 201 S.E.2d 309 (1973); *State v. Hammond,* 96 W.Va. 96, 122 S.E. 363 (1924).

Goodnight's final argument challenges his sentence of twelve months' confinement in the county jail and a $500 fine for attempted grand larceny. Code, 61-3-13(a) prescribes sentences for grand larceny:

> If any person commits simple larceny of goods or chattels of the value of two hundred dollars or more, such person shall be guilty of a felony, designated grand larceny, and, upon conviction thereof, *shall be confined in a penitentiary not less than one nor more than ten years,* or, in the discretion of the court, be confined in the county jail not more than one year and shall be fined not more than five hundred dollars. (Emphasis added.)

Code, 61-11-8, sets forth penalties for attempts:

> Every person who attempts to commit an offense, but fails to commit or is prevented from committing it, shall, where it is not otherwise

provided, be punished as follows: If the offense attempted be punishable with life imprisonment, the person making such attempt shall be guilty of a felony, and, upon conviction, shall be confined in the penitentiary not less than one nor more than five years. *If it be punishable by confinement in the penitentiary for a term less than life, he shall be guilty of a misdemeanor, and, upon conviction, shall be confined in jail not less than six nor more than twelve months, and fined not exceeding five hundred dollars.* If it be punishable by confinement in jail, he shall be guilty of a misdemeanor, and, upon conviction, shall be confined in jail not more than six months, or fined not exceeding one hundred dollars. (Emphasis added.)

Grand larceny is punishable by confinement in the penitentiary not less than one nor more than ten years, and attempted grand larceny is punishable by confinement in a county jail not less than six months nor more than one year, and by fine of not more than $500. This sentence was within these parameters and "the rule is that sentences imposed by the trial court, if within statutory limits and if not based on some unpermissible factor are not subject to appellate review." *State v. Rogers,* ____ W.Va. ____, 280 S.E.2d 82 (1981).

*Affirmed.*