STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

April 16, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 12-0407** (Jackson County 09-F-67)

**Mark A. Blair,**
**Defendant Below, Petitioner**

**MEMORANDUM DECISION**

Petitioner's appeal, by counsel William B. Summers, arises from the Circuit Court of Jackson County, wherein he was sentenced to a term of incarceration of two to five years following his conviction for possession of a controlled substance with intent to deliver by order entered on February 15, 2012. The State, by counsel Marland L. Turner, has filed its response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2011, petitioner was convicted, by jury, of possession of a controlled substance with intent to deliver. At sentencing, the State presented evidence of petitioner's prior conviction for possession of a controlled substance with intent to deliver. The circuit court admitted the prior conviction, without objection, for the purpose of enhancing petitioner's sentence pursuant to West Virginia Code § 60A-4-408. Petitioner was then sentenced to a term of incarceration of two to five years.

On appeal, petitioner alleges that his sentence was excessive and that, given the evidence presented and the nature of the case, he should have received some form of alternative sentencing. Further, petitioner alleges that the circuit court erred in its application of West Virginia Code § 60A-4-408 because the enhancement was discretionary and because the State failed to file a recidivist information. In short, petitioner argues that the circuit court erred in doubling only the minimum term of incarceration and asserts that he could only have been sentenced to incarceration for one to five years or two to ten years. In response, the State argues that petitioner's sentence was not unconstitutionally disproportionate because it was within the limits established by West Virginia Code § 60A-4-401. Additionally, the State argues that West Virginia Code § 60A-4-408 allows a circuit court to enhance a sentence up to twice the term otherwise

1

authorized. As such, the circuit court was within its discretion to sentence petitioner to two to five years of incarceration.

"'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). Upon our review, the Court finds no error in regard to either of petitioner's assignments of error. "'Sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010) (per curiam).

Petitioner was convicted pursuant to West Virginia Code § 60A-4-401(a)(ii), which provides for a punishment of one to five years of incarceration. Additionally, it was established at sentencing that petitioner had a prior conviction for possession of a controlled substance with intent to deliver. Pursuant to West Virginia Code § 60A-4-408, circuit courts have the discretion to enhance a sentence by "up to twice the term otherwise authorized" upon a second conviction under the Uniform Controlled Substance Act. As such, petitioner was properly sentenced to a statutorily authorized term of incarceration of two to five years, and his sentence is, therefore, not subject to appellate review. Further, the Court finds no merit in the argument that the circuit court erred in its application of West Virginia Code § 60A-4-408. The language cited above clearly grants circuit courts the discretion to enhance a defendant's sentence by any degree up to double the length of incarceration otherwise authorized.

For the foregoing reasons, the circuit court's sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: April 16, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II