# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 12-0340** (Kanawha County 11-F-587)

**Chadwick Emanuel Taylor,**
**Defendant Below, Petitioner**

**FILED**

April 26, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Chadwick Emanuel Taylor, by counsel Duane C. Rosenlieb Jr., appeals the Circuit Court of Kanawha County's order entered on January 31, 2012, that sentenced the petitioner to a determinate term of five years in the penitentiary following his guilty plea to one count of wanton endangerment with a firearm. The State, by counsel Andrew Mendelson, filed a summary response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In the early morning hours of June 10, 2011, on Charleston's West Side, the petitioner jumped out of the car he was driving and fired multiple gunshots into a vehicle. Petitioner shot Lydia Spencer once in the back of her head. Ms. Spencer was the girlfriend of the petitioner's former girlfriend/mother of his child. The police report described the possible motive as a visitation dispute between the petitioner, the child's mother, and the victim. Petitioner was indicted on eight felony counts, including attempted murder, malicious wounding, and six counts of wanton endangerment.

On November 18, 2011, the petitioner entered a plea of guilty to one count of wanton endangerment with a firearm in violation of West Virginia Code § 61-7-12. This felony violation carried a possible penalty of a definite term of not less than one year nor more than five years in the penitentiary or up to one year in jail, or a fine of not less than $250 nor more than $2,500, or both. Pursuant to the plea agreement, the State agreed to dismiss the remaining seven felony counts of the indictment and to stand silent at sentencing.

Petitioner was twenty-two years of age at the time of the crime. His counsel filed a motion for sentencing as a youthful offender pursuant to West Virginia Code § 25-4-6. The court directed the probation department to complete a pre-sentence investigation report. To assist the

1

officer in preparing the report, the probation department moved for and obtained an order releasing the petitioner's juvenile record. This order was made pursuant to the provisions of West Virginia Code § 49-5-18(d), which states, in part, "sealed records may not be opened except upon order of the circuit court."

At the sentencing hearing, the circuit court characterized the petitioner's criminal history as one of extreme violence and very disrespectful conduct. The circuit court noted that the petitioner's adult arrest record included numerous crimes of violence, many dismissed because no victim appeared in court. The circuit court also recognized the petitioner's disregard for the lives he put in danger by his reckless behavior at the time of the crime at issue. The court denied the motion for sentencing as a youthful offender. Petitioner was sentenced to a determinate sentence of five years in the penitentiary for wanton endangerment with a firearm.

On appeal, the petitioner concedes the sentence was within the statutory limits for the crime. The petitioner argues that the court erred by ordering his juvenile record unsealed and released for inclusion in his adult pre-sentence investigation report. Petitioner argues that the court relied upon an impermissible factor when it considered his juvenile record which should have been expunged.[1] The State responds that the court did not use an impermissible factor when it reviewed the juvenile records because West Virginia Code § 49-5-17(c)(6)[2] is clear and unambiguous in authorizing the release of those records to a probation officer. The State argues the petitioner's extensive juvenile record was used solely by the court to determine the "appropriate sentence for the adult criminal before it."

"'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2001). Moreover, "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 6, *State v. Slater,* 222 W.Va. 499, 665 S.E.2d 674 (2008).

---

[1] West Virginia Code § 49-5-18(e) states: "Sealing of juvenile records has the legal effect of extinguishing the offense as if it never occurred."

[2] West Virginia Code § 49-5-17(c)(6), states:

> Notwithstanding any other provision of this code, juvenile records shall be disclosed, or copies made available to a probation officer upon his or her written request and approved by his or her supervising circuit court judge: Provided, that the clerk of the court shall file the written request and the judge's approval in the juvenile's record and note therein the date and scope of the actual disclosure: Provided, however, that any probation officer may, without a court order, access relevant juvenile case information contained in any electronic database maintained by or for the Supreme Court of Appeals and share it with any other probation office in the same or a different circuit.

Having reviewed the parties' arguments and the record on appeal, we find that the circuit court did not abuse its discretion in sentencing the petitioner. The court considered several permissible factors it deemed relevant to determine the sentence by which the public safety would be best protected. The court considered a thorough presentence report prepared by a probation officer that detailed the petitioner's adult and juvenile history. The probation officer was "quite alarmed" at the likelihood of the petitioner engaging in future criminal conduct. The court also addressed the very serious nature of the instant offense which resulted in the victim suffering a gunshot wound to the head.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 26, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3