# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

**June 24, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)  No. 12-0878** (Jackson County 11-F-103 & 11-F-122)

**Jason A. Ray,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Jason A. Ray, by counsel Kevin Postalwait, appeals the Circuit Court of Jackson County's sentencing order entered on June 22, 2012. Respondent State of West Virginia, by counsel Andrew D. Mendelson, has filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner pled guilty to one count of delivery of a controlled substance (oxycodone) and one count of delivery of a controlled substance (hydrocodone). Pursuant to the plea agreement, one count of delivery of marijuana and one count of conspiracy to commit delivery of a controlled substance were dismissed. Petitioner was placed on home incarceration for 392 days prior to sentencing, and he had no violations. On June 22, 2012, the circuit court entered an order sentencing petitioner to one to five years of incarceration for the delivery of a controlled substance (hydrocodone) and one to fifteen years of incarceration for delivery of a controlled substance (oxycodone), to be served consecutively. The court recommended petitioner be allowed to participate in the Division of Corrections Long-Term Residential Substance Abuse Treatment (RSAT) program.

On appeal, petitioner argues that he should have been granted an alternative sentence based upon his limited criminal history and his lack of violations while on home incarceration. Moreover, he argues that his sentence was disproportionate, and that he should have been allowed to complete inpatient rehabilitation instead of being incarcerated.

"'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). Moreover, "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate

1

review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 6, *State v. Slater*, 222 W.Va. 499, 665 S.E.2d 674 (2008). However, this Court has held as follows:

> Punishment may be constitutionally impermissible, although not cruel or unusual in its method, if it is so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity, thereby violating West Virginia Constitution, Article III, Section 5 that prohibits a penalty that is not proportionate to the character and degree of an offense.

Syl. Pt. 5, *State v. Cooper*, 172 W.Va. 266, 304 S.E.2d 851 (1983). Upon our review, we find no abuse of discretion by the circuit court in petitioner's sentences following his guilty plea. The sentences imposed were within statutory limits and not based on an impermissible factor, nor were they disproportionate to the crimes. Importantly, petitioner benefitted from the dismissal of two counts pursuant to his plea agreement. Therefore, we find no error in the circuit court's sentencing order.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 24, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II