# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 13-1260** (Mingo County 13-F-11)

**Donah Howard Arnold,**
**Defendant Below, Petitioner**

**FILED**

May 18, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Donah Howard Arnold, by counsel D. Adrian Hoosier II, appeals the June 24, 2013, order of the Circuit Court of Mingo County[1] that sentenced him to a term of incarceration of one to fifteen years for one count of delivery of a Schedule II controlled substance. The State, by counsel Julie A. Warren, filed a response in support of the circuit court's order. On appeal, petitioner argues that he was forced to accept his guilty plea, and, therefore, this Court should vacate that guilty plea and "release [him] from incarceration."

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2013, during jury voir dire, petitioner's counsel informed the circuit court that petitioner had entered a plea agreement with the State wherein he would plead guilty to one count of delivery of a Schedule II controlled substance, in violation of West Virginia Code §

---

[1]In his brief to this Court, petitioner states that he appeals the order "accepting the [p]lea and [s]entencing him[.]" The order accepting petitioner's plea was entered in May of 2013, and it is included in the appendix record. A separate sentencing order was entered on June 24, 2013, but petitioner failed to include that sentencing order in the appendix record. Petitioner also failed to include the underlying indictment and the relevant plea paperwork in the record on appeal. While the State moved to dismiss this action as insufficiently pled due to these omissions, it does not challenge the fact that the circuit court sentenced petitioner as represented based upon his guilty plea. Therefore, we deny the State's motion and decide this issue based upon the parties' representations of petitioner's plea and sentence. In the future, petitioner's counsel is advised to comply with Rule 7(d) of the Rules of Appellate Procedure, which requires the petitioner to include in the appendix record, among other items, the "order appealed from" and "[i]n a criminal case, the indictment . . . and sentencing order."

1

60A-4-401, and the State would dismiss the remaining two counts in the indictment.[2] However, the circuit court stated that whether it would accept the plea "depends on whether there's a factual basis. I don't take guilty pleas from innocent people." At that time, the circuit court permitted the parties to proceed with jury voir dire prior to addressing the plea agreement further. Once the jury was selected, the circuit court took up the plea agreement. Petitioner's counsel again stated petitioner's intention to plead guilty pursuant to the aforementioned plea agreement. The record is clear that the circuit court then completed a thorough plea colloquy with petitioner and his counsel. During that plea colloquy, when the circuit court asked petitioner whether he intended to plead guilty under that agreement, he responded, "yes, sir." The circuit court then read the terms of the signed plea paperwork into the record, which included the statement that the plea was "knowingly, voluntarily, and intelligently signed . . . after consulting with counsel and fully understanding the consequences thereof." In sworn testimony, petitioner admitted that he signed the plea paperwork, entered the plea of his own free will, and understood his rights to proceed to trial. The circuit court also asked petitioner whether he had been coerced by anyone to accept the plea offer, including the attorneys or the circuit court itself, and petitioner clearly stated that he had not been coerced. Petitioner further expressed his satisfaction with his trial counsel. Finally, petitioner admitted that he sold four oxycodone pills for $100 in Mingo County, West Virginia.

Thereafter, the circuit court accepted petitioner's guilty plea, and it is uncontested that the State dismissed the remaining two counts in the indictment. Ultimately, the circuit court sentenced petitioner to a term of incarceration of one to fifteen years. This appeal followed.

Petitioner does not contend that his sentence was unconstitutional, in violation of any statute, or based on an impermissible factor. *See* Syl. Pt. 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982) (holding that "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review."). Instead, he argues that his plea was involuntary, as he was forced to accept it by his counsel and was "overpowered and manipulated" under the collusion of the then-Mingo County prosecuting attorney and circuit court judge. We note that "[a]n appeal ordinarily does not lie in a criminal case from a judgment or conviction rendered upon a plea of guilty." *State v. Sims*, 162 W.Va. 212, 215, 248 S.E.2d 834, 837 (1978). However, we further held in syllabus point one of *Sims* that "[a] direct appeal from a criminal conviction based on a guilty plea will lie where an issue is raised as to the voluntariness of the guilty plea or the legality of the sentence." *Id*. at 212, 248 S.E.2d at 835, Syl. Pt. 1. In this regard, "[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995).

---

[2]Petitioner was indicted on two counts of possession of a Schedule II controlled substance with the intent to deliver, in violation of West Virginia Code § 60A-4-401, and one count of conspiracy to commit possession of a controlled substance with the intent to deliver, in violation of West Virginia Code § 61-10-31. The limited appendix record reflects that petitioner had at least two court-appointed attorneys during the proceedings below. The circuit court granted the withdrawal of his first attorney due to a breakdown in the attorney-client relationship.

On appeal, petitioner argues that he was "forced" to accept his guilty plea through some combination of ill-will and error by his trial counsel, the prosecuting attorney, and the circuit court judge. However, our review of the record, and in particular, the plea transcript, does not support the finding that petitioner's plea was involuntary. As to petitioner's contentions against his trial counsel, we have held that

> [t]he controlling test as to the voluntariness of a guilty plea, when it is attacked either on a direct appeal or in a habeas corpus proceeding on grounds that fall within those on which counsel might reasonably be expected to advise, is the competency of the advice given by counsel.

*Sims* at 212, 248 S.E.2d at 835, Syl. Pt. 2. Moreover, Rule 11(d) of the West Virginia Rules of Criminal Procedure provides as follows:

> **Ensuring That the Plea is Voluntary**. The court shall not accept a plea of guilty or nolo contendere without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The court shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the attorney for the state and the defendant or the defendant's attorney.

In this matter, petitioner presents no support for his assertions. He fails to explain in what areas his trial counsel provided incompetent advice. However, the transcript of the plea hearing clearly includes petitioner's own testimony, under oath, in support of the voluntariness of his plea. He testified that he was satisfied with his trial counsel, that it was his intention to enter the guilty plea, that no one had made any promises that improperly influenced him to plead guilty, that the potential penalty was a term of incarceration of one to fifteen years, that the plea was signed as a free and voluntary act, and that he acted under his own free will. Moreover, the record reflects that the circuit court encouraged petitioner to proceed as he desired, whether by trial or by plea agreement. The circuit court reviewed all of petitioner's substantial rights during its lengthy colloquy with petitioner and met the requirements of due process before concluding that petitioner knowingly, intelligently, and voluntarily waived his rights. Therefore, we find no error.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 18, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II