# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below, Respondent**

**vs) No. 14-1200** (Putnam County 08-F-74)

**Roger G., Defendant Below, Petitioner**

**FILED**

August 31, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Roger G., by counsel Shawn D. Bayliss and Duane C. Rosenlieb Jr., appeals the Circuit Court of Putnam County's August 20, 2014, order sentencing him to ten years of incarceration following revocation of his supervised release.[1] The State, by counsel Jonathan E. Porter, filed a response. On appeal, petitioner alleges that the circuit court's sentence violates his constitutional protections against double jeopardy and cruel and unusual sentences, and that the circuit court improperly imposed the sentence solely because of petitioner's inability to comply financially with the terms of his supervised release.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2008, petitioner was charged with several counts of sexual assault involving two victims, a six-year-old boy and a nineteen-month-old girl. Petitioner thereafter pled guilty to one count of first-degree sexual abuse, and the State agreed to dismiss the remaining counts. In 2009, the circuit court sentenced petitioner to a term of incarceration of one to five years and also imposed a fifteen-year term of supervised release. One of the conditions of petitioner's supervised release was that he complete a sex offender treatment course upon release. After serving two years of incarceration, petitioner was discharged and placed on supervised release in February of 2010.

In September of 2010, the State filed its first petition to revoke petitioner's supervised release upon allegations that petitioner possessed alcohol and engaged in contact with minor children on at least two occasions. At that time, the circuit court did not revoke petitioner's

---

[1] In keeping with this Court's policy of protecting the identity of minors, we will refer to petitioner by his last initial throughout this memorandum decision. Moreover, the Court notes that by order entered on September 24, 2014, the circuit court extended the time period for petitioner to appeal its August 20, 2014, order revoking his supervised release.

1

supervised release and instead modified the terms to include GPS surveillance. Over the next four years, the State filed several more petitions to revoke petitioner's supervised release for violations, including associating with disreputable persons, failing to register as a sex offender, possessing alcohol, obstructing an officer, being dishonest with his parole officer, and failing to attend sex offender counseling courses. In 2012, the circuit court sentenced petitioner to three years of incarceration for repeated failures to comply with the conditions of his supervised release. In revoking petitioner's supervised release at that time, the circuit court noted that petitioner was in danger of offending again and that incarceration was necessary to prevent such actions. Moreover, the circuit court ordered that petitioner's term of supervised release be extended for a period of ten years. After his release in 2014, petitioner again violated the terms of his supervised release by possessing alcohol and failing to attend the required counseling classes. The circuit court then sentenced petitioner to ten years of incarceration for the most recent violations of the terms of his supervised release. It is from the order revoking his supervised release that petitioner appeals.

We have previously held that "'[t]he Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). Upon our review, the Court finds no error in the circuit court imposing a ten year term of incarceration upon petitioner's violation of the terms of his supervised release.

To begin, petitioner's arguments that his sentence violates constitutional protections against double jeopardy and constitutes cruel and unusual punishment have no merit. In discussing these issues, this Court has stated that

> [t]he imposition of the legislatively mandated additional punishment of a period of supervised release as an inherent part of the sentencing scheme for certain offenses enumerated in West Virginia Code § 62–12–26 (2009) does not on its face violate the double jeopardy provisions contained in either the United States Constitution or the West Virginia Constitution.

*Id.* at 411, 710 S.E.2d at 102, Syl. Pt. 11. Moreover, we have stated that "West Virginia Code § 62-12-26 (2009) is not facially unconstitutional on cruel and unusual punishment grounds in contravention of the Eighth Amendment to the United States Constitution or Article III, § 5 of the West Virginia Constitution." *Id.* at 410, 710 S.E.2d at 101, Syl. Pt. 6. And in specifically addressing sentences of incarceration imposed following violations of the conditions of supervised release, we have stated that

> West Virginia Code § 62–12–26(g)(3) (2011), which provides for additional sanctions, including incarceration, upon revocation of a criminal defendant's period of supervised release, does not violate the prohibition against double jeopardy found in the Fifth Amendment of the United States Constitution and Article III, § 5 of the Constitution of West Virginia.

Syl. Pt. 7, *State v. Hargus*, 232 W.Va. 735, 753 S.E.2d 893 (2013). As is clear from our prior holdings, sentences imposed following revocation of supervised release violate neither the constitutional prohibitions against double jeopardy nor the constitutional prohibitions against cruel and unusual punishment.

Moreover, to the extent that petitioner argues that his sentence is cruel and unusual because it is disproportionate to the crime, we have previously held that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). Petitioner was originally convicted of first-degree sexual abuse pursuant to West Virginia Code § 61-8B-7. Accordingly, pursuant to West Virginia Code § 62-12-26(a), the circuit court was permitted to impose a term of supervised release of up to fifty years for such a conviction. Moreover, upon a revocation of supervised release, West Virginia Code § 62-12-26(g)(3) allows a circuit court to "require the defendant to serve in prison all or part of the term of supervised release . . . ." Here, the circuit court properly imposed a fifteen-year term of supervised release when petitioner was sentenced for the underlying crime of first-degree sexual abuse, and permissibly increased that term of supervised release by ten years when petitioner's supervised release was revoked in 2012 for a total term of supervised release of twenty-five years. Thereafter, upon petitioner's continued violation of the terms of his supervised release, the circuit court properly imposed a ten-year term of incarceration that was well within the permissible length of sentences for such violations pursuant to West Virginia Code § 62-12-26(a). As such, it is clear that petitioner was sentenced within the applicable statutory guidelines and, therefore, his sentence is not reviewable on appeal.

Finally, petitioner argues that the circuit court improperly imposed his ten-year sentence because of his alleged inability to pay for the required sex offender counseling classes. However, the Court finds no merit to this argument. To begin, petitioner cites our prior holding in *Fox v. State*, 176 W.Va. 677, 347 S.E.2d 197 (1986), to argue that the circuit court erred in failing to make an inquiry into his ability to pay for the sex offender counseling classes at issue. However, *Fox* concerned separate issues relating to probationers and their ability to pay court-ordered costs, fees, and restitution, and, thus, is not guiding for our analysis in the present matter. Moreover, the record is clear that the circuit court made abundant inquiry into petitioner's financial ability to comply with the terms of his supervised release and ultimately based its decision to revoke petitioner's supervised release upon his repeated, willful disregard for those terms, rather than his financial situation.

According to the updated report submitted by petitioner's probation officer in advance of the August of 2014 hearing on revocation of petitioner's supervised release, it was indicated that since as early as 2009, petitioner expressed the opinion that he did not need to attend the required treatment as prescribed by the terms of his supervised release. Further, the circuit court specifically found that petitioner held this belief at the time of the August of 2014 hearing as evidenced by his continued refusal to comply with the ordered sex offender counseling classes. In revoking petitioner's supervised release, the circuit court also considered the fact that petitioner's probation officers worked to help petitioner obtain employment by teaching him about proper attire, etiquette, and appearance, yet petitioner remained unemployed. The circuit

court also noted that the doctor treating petitioner in his sex offender counseling had "agreed to waive his fees a long time ago, so cost wasn't really that much of an issue since then." Based upon this evidence, it is clear that the circuit court conducted an appropriate inquiry into petitioner's financial ability to comply with the terms of his supervised release and ultimately revoked the supervised release because of petitioner's refusal to comply, not because of his financial situation. As such, we find no error.

For the foregoing reasons, the circuit court's August 20, 2014, order revoking petitioner's supervised release is hereby affirmed.

Affirmed.

**ISSUED**: August 31, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II