# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 16-0355** (Jackson County 08-F-39 & 08-F-87)

**Zachary Thomas,**
**Defendant Below, Petitioner**

**FILED**

**February 21, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Zachary Thomas, by counsel Kevin B. Postalwait, appeals the Circuit Court of Jackson County's May 8, 2016, order revoking petitioner's probation and sentencing him to consecutive terms of incarceration that are to be served consecutively to any sentence imposed upon petitioner from another criminal proceeding in Kanawha County. The State of West Virginia, by counsel Julie Warren, filed a response. On appeal, petitioner argues that the circuit court erred in sentencing him to consecutive sentences.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 25, 2008, the Jackson County grand jury indicted petitioner on one felony count of entering a dwelling without breaking, in violation of West Virginia Code § 61-3-11. In November of 2008, the Jackson County grand jury also indicted petitioner on one count of first-degree robbery, in violation of West Virginia Code § 61-2-12; two counts of conspiracy, in violation of West Virginia Code § 61-10-31; one count of breaking and entering other than a dwelling, in violation of West Virginia § 61-3-12; and two counts of petit larceny, in violation of West Virginia Code § 61-3-13.

The following year, petitioner pled guilty to one count of entering a dwelling without breaking; second-degree robbery, a lesser-included offense; breaking and entering other than a dwelling. In October of 2009, the circuit court suspended petitioner's sentence for second-degree robbery and breaking and entering other than a dwelling and placed petitioner in the Anthony Correctional Center for six months to two years.[1] Two months later, the circuit court sentenced petitioner to three years of probation for the offense of entering a dwelling without breaking.

---

[1]The remaining charges were dismissed.

Thereafter, the State filed a motion to revoke petitioner's probation for willfully and deliberately violating the terms of his probation.

In November of 2015, the circuit court held a hearing on the State's motion to revoke petitioner's probation during which petitioner did not contest the allegations as set forth in the State's motion. By order entered on January, 26, 2016, the circuit court revoked petitioner's probation and scheduled a sentencing hearing. In February of 2016, the circuit court held a sentencing hearing during which counsel proffered that petitioner had committed crimes in additional counties, including assault during the commission of a felony. Petitioner's "Level of Service/Case Management Inventory" evaluation was submitted as evidence and indicated that petitioner "has a very high criminogenic needs [and] a very high risk of recidivism." By order entered on March 8, 2016, the circuit court sentenced petitioner to a term of incarceration of one to ten years for entering a dwelling without breaking, five to eighteen years of incarceration for second-degree robbery, and one to ten years of incarceration for breaking and entering other than dwelling. The circuit court ordered these sentences to be served consecutively to one another and consecutive to any sentence in Kanawha County. This appeal followed

On appeal, petitioner argues that the circuit court abused its discretion in sentencing him to consecutive sentences. "The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997). Moreover, "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982). We note that petitioner's sentences for his crimes are within the applicable statutory limitations. Specifically, West Virginia Code § 61-3-11 states that any person guilty of entering a dwelling house without breaking "shall be confined in the penitentiary not less than one nor more than ten years." Similarly, West Virginia Code § 61-2-12 states that any person who commits robbery by placing the victim in fear "shall be confined in a corrections facility for not less than five years nor more than eighteen years." Finally, West Virginia Code § 61-3-12 states that any person guilty of breaking and entering a building other than a dwelling "shall be confined in a state correctional facility not less than one nor more than ten years." Furthermore, petitioner made no claims and offered no evidence to establish that his sentences were based upon any impermissible factors. Finally, pursuant to West Virginia Code § 61-11-21, sentences for two or more convictions shall be consecutive unless the sentencing court orders them to run concurrently. Accordingly, it was within the Circuit Court of Jackson County's discretion to run petitioner's sentences consecutive to any other sentence.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**: February 21, 2017

2

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker