**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 21-0374** (Wood County 21-F-72)

**Alphrin A. Norman,**
**Defendant Below, Petitioner**

# MEMORANDUM DECISION

Petitioner Alphrin A. Norman, by counsel G. Bradley Frum, appeals the April 19, 2021, order of the Circuit Court of Wood County sentencing petitioner to an indeterminate one-to-fifteen-year term of incarceration for his conviction of possession of a controlled substance with intent to deliver. The State of West Virginia, by counsel Patrick Morrisey and William E. Longwell, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2021, petitioner was stopped by law enforcement due to an active warrant for violation of a domestic violence protective order. Upon his arrest, law enforcement discovered an orange pill bottle on petitioner's person, containing "[sixteen] individual wrapped doses of suspected Fentanyl and one small plastic bag filled with [half of a gram] of suspected Fentanyl."

In February of 2021, petitioner entered into a plea agreement with the State. The State filed a criminal information against petitioner, charging petitioner with possession of a controlled substance with intent to deliver (heroin). Petitioner agreed to waive indictment and plead guilty to that charge. The State agreed to remain silent during petitioner's sentencing hearing, except for answering any questions of the sentencing court. Later in February of 2021, petitioner entered his plea of guilty to one count of possession of a controlled substance with intent to deliver. The court

conducted a plea colloquy with petitioner and ultimately accepted petitioner's plea of guilty. The circuit court ordered a probation officer to prepare a presentence investigation ("PSI") report.

In April of 2021, the probation officer completed her PSI report. The report included petitioner's statement of the crime, in which he explained, "I found an old bag that had heroin in it. I decided, not knowing how strong it was, I cut it and put it in individual packets[.]" He continued, "The plastic bags were me trying . . . to make a little money back." He explained that he was arrested soon after, stating, "I didn't even get a chance to use or sell [the heroin] before getting arrested." The PSI report also set forth petitioner's criminal history, which included twelve charges over a period of eight years. Of these twelve charges, petitioner was convicted twice: once for unauthorized acts with regard to wildlife and once for violation of a domestic violence protective order. The report also indicated that petitioner had an active warrant for second-degree assault in Maryland. Petitioner further stated that he previously attempted substance abuse treatment on two separate occasions but failed to complete either program.

Later in April of 2021, the circuit court held a sentencing hearing. Petitioner's counsel indicated that he reviewed the PSI report prior to sentencing and did not have any objections or corrections to the report. Petitioner moved for an alternative sentence of probation or a delay in sentencing in order to participate in one of three substance abuse treatment programs, and he presented acceptance letters from each program. Petitioner's counsel emphasized petitioner's young age (twenty-seven) and limited criminal history, specifically noting that eight of twelve of petitioner's charges had been dismissed. Petitioner exercised his right to allocution, apologized for his criminal acts, and requested an opportunity to participate in a substance abuse program.

The court expressed particular concern about two of petitioner's recently dismissed criminal charges. In 2017, petitioner was charged with wanton endangerment involving a firearm and use or presentation of a firearm during the commission of a felony. Then, in 2018, petitioner was charged with burglary and assault during the commission of a felony. The court noted that in both instances the charges were bound over but dismissed prior to indictment. In response to the court's concerns, the State stated that petitioner had been indicted, but the indictment was later dismissed due to an issue with witnesses. The court then stated, "The bottom line, it was dismissed like a lot of those other charges, so that really can't be held against him. The Court recognizes those were not convictions." A short time later in the hearing, the court further mused, "[i]t's very unusual to have this many arrests, but so few convictions." The court then considered the seriousness of petitioner's crime, explaining that it was difficult to believe that petitioner found a controlled substance that he then packaged for individual sale. Further, the court noted its concern that petitioner had twice attempted but failed to complete substance abuse treatment on prior occasions. Ultimately, the circuit court denied petitioner's motion for alternative sentencing, finding that petitioner was likely to reoffend and the public good required that he be imprisoned. The court sentenced petitioner to an indeterminate one-to-fifteen-year term of incarceration by its order entered on April 19, 2021. Petitioner now appeals this order.

"The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997). Additionally, we have consistently

held that "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982).

On appeal, petitioner acknowledges that his sentence with within statutory limits.[1] He argues, however, that the circuit court based his sentence on an impermissible factor. Petitioner asserts, without any citation to authority in support, that the circuit court's consideration of petitioner's numerous dismissed charges was impermissible.[2] Based on this alleged impermissible factor, petitioner requests that this Court review his sentence and the circuit court's denial of his motion for alternative sentencing.

This Court has considered that "[a] trial court has wide discretion in the sources and types of evidence used in determining the kind and extent of punishment to be imposed. And a sentencing court is not restricted by the federal constitution to the information received in open court." *State ex rel. Dunlap v. McBride*, 225 W. Va. 192, 202, 691 S.E.2d 183, 193 (2010) (citation omitted). Some impermissible factors have, however, been identified, including "race, sex, national origin, creed, religion, and socioeconomic status." *State v. Moles*, No. 18-0903, 2019 WL 5092415 (W. Va. Oct. 11, 2019)(memorandum decision)(citation omitted). Furthermore, Rule 32(b) of the West Virginia Rules of Criminal Procedure provides requirements as to what information must be contained in a PSI report. The rule, in relevant part, provides that the report must contain "information about the defendant's history and characteristics, including information concerning *the defendant's court and criminal record*." W. Va. R. Crim. Proc., R. 32(b)(4) (emphasis added).

Based upon our review of the record, we find that the circuit court did not consider any impermissible factor when sentencing petitioner. First, the court noted specifically that petitioner's charges were not convictions, and there is no indication that it considered the dismissed charges when sentencing petitioner. The court weighed other significant factors, such as petitioner's unbelievable story regarding the crime and his prior failures to complete substance abuse treatment. Furthermore, even if the circuit court had considered petitioner's dismissed charges, petitioner has not identified any authority that precludes those dismissed charges from consideration. To the contrary, Rule 32 requires the PSI report to include information pertaining to the defendant's court and criminal record, which is not limited solely to criminal convictions. Accordingly, having found that the sentence imposed by the circuit court was within statutory limits and not based on an impermissible factor, we find that the underlying sentence is not subject to appellate review. Therefore, petitioner is entitled to no relief on appeal.

---

[1]West Virginia Code § 60a-4-401(a)(i) provides that any person found guilty of possession of a schedule I controlled substance with the intent to deliver the same is "guilty of a felony and, upon conviction thereof, may be imprisoned in a state correctional facility for not less than one year nor more than [fifteen] years."

[2]Petitioner's only citation in this regard is to *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982), which provides no guidance as to what factors would be impermissible to consider at a sentencing hearing.

For the foregoing reasons, we find no error in the circuit court's April 19, 2021, order.

Affirmed.

**ISSUED**: August 31, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

4