# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 22-0465** (Wayne County CC-50-2011-F-128)

**Elmer M. Mills,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Elmer M. Mills appeals the order of the Circuit Court of Wayne County, entered on May 17, 2022, resentencing him (for the purpose of appeal) to imprisonment for a determinate term of seventy-five years for his conviction of first-degree robbery in violation of West Virginia Code § 61-2-12.[1] The Court has considered the parties' briefs and record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, the decision of the circuit court is vacated, and this case is remanded to the circuit court for entry of an order consistent with this decision.

In July 2012, Mr. Mills appeared in the Circuit Court of Wayne County to offer his guilty plea, pursuant to an agreement with the State, to one count of first-degree robbery. The State's prosecuting attorney explained at the plea hearing that Mr. Mills would admit to having used a firearm in the commission of the offense, and that the parties had agreed to a "bound-to" sentence of a seventy-five-year term of imprisonment.[2] In exchange, the State would dismiss six additional felony counts charged in the indictment, including various charges of kidnapping, burglary, and

---

[1] Mr. Mills appears by counsel Bradley D. Dunkle. Respondent State of West Virginia appears by Attorney General Patrick Morrisey and Assistant Attorney General William E. Longwell.

[2] West Virginia Code § 61-2-12(a) provides:

> Any person who commits or attempts to commit robbery by: (1) Committing violence to the person, including but not limited to, partial strangulation or suffocation or by striking or beating; or (2) uses the threat of deadly force by the presenting of a firearm or other deadly weapon, is guilty of robbery in the first degree and, upon conviction thereof, shall be imprisoned in a state correctional facility not less than ten years.

grand larceny. Mr. Mills affirmed that the prosecuting attorney fairly represented the terms of the agreement.[3] He further affirmed that he understood the implications of entering a guilty plea, and that he chose to enter the plea of his own free will.

Mr. Mills described the conduct underlying his plea. He and his codefendants went to the home of their first victim, planning to steal $40,000, but they did not believe the victim would be in the home. However, after knocking on the door under the pretense of needing to use a telephone, the victim answered the door and allowed the three men to enter the house. One of the men forced the victim to the floor, and another later restrained him with a hose. Mr. Mills said that the men entered the home without weapons but took several guns from the victim's safe. Mr. Mills and his codefendants then took these guns next door, to the home of their second victim, where they were met with—and where they returned—gunfire. The men took pistols from the second victim's home. The court accepted the guilty plea on this factual basis.

Because the parties represented that they had entered a binding plea agreement, the court asked whether a presentence investigation was required. Mr. Mills's counsel responded that it was not, and that Mr. Mills waived the presentence investigation and report and was prepared to proceed to sentencing. Based on this representation by petitioner's counsel, the circuit court informed the parties that it saw no reason to prolong the pronouncement of the sentence. It imposed the seventy-five-year term of imprisonment that the parties set forth in their agreement.

Mr. Mills did not immediately appeal his criminal conviction or concomitant sentence, but he later requested that the circuit court resentence him for purposes of appeal, and the court did so in May 2022. On appeal of the court's resentencing order, Mr. Mills asserts two assignments of error. He argues, first, that the circuit court erred in "failing to provide" a presentence investigation that would "inform [the court] of alternative possible sentences and [the] merits of the same." He argues, second, that his prison sentence violates article III, section 5 of the West Virginia Constitution in that it is not proportional to the character and degree of his offense. Unless a sentence "violates statutory or constitutional commands," we review a court's imposition of a sentence for an abuse of discretion. Syl. Pt. 1, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997). Still, "[s]entences imposed by the trial court, if within statutory limits and if not based on some unpermissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982). That guideline is tempered, however, by the Eighth Amendment's "'proportionality principle: "Penalties shall be proportioned to the character and degree of the offence."' Syllabus point 8, *State v. Vance*, 164 W.Va. 216, 262 S.E.2d 423 (1980)." Syl. Pt. 4, in part, *State v. Booth*, 224 W. Va. 307, 685 S.E.2d 701 (2009).

We recently reconciled our jurisprudence addressing presentence investigation procedure and concluded that "West Virginia Rule of Criminal Procedure 32(b)(1) requires that the

_____

[3] Mr. Mills was indicted with two codefendants. One codefendant appeared at the plea hearing with Mr. Mills. The record reflects that this codefendant entered into a similar plea agreement, and that his agreement also included a provision for a seventy-five-year term of imprisonment. The prosecuting attorney described the plea as "similar" to one offered by Mr. Mills's second codefendant the prior week.

sentencing court receive and consider a presentence report before sentencing unless all conditions in (A), (B), and (C) are met." Syl. Pt. 4, in part, *State v. McDonald*, ___ W. Va. ___, ___ S.E.2d ___ (W. Va. Apr. 14, 2023). Rule 32(b)(1), referenced in this syllabus point, provides:

> When made.—The probation officer shall make a presentence investigation and submit a report to the court before the sentence is imposed, unless:
> (A) the defendant waives a presentence investigation and report;
> (B) the court finds that the information in the record enables it to meaningfully exercise its sentencing authority; and
> (C) the court explains on the record its finding that the information in the record enables it to meaningfully exercise its sentencing authority.

Our holding in McDonald clarifies that even where a criminal defendant unequivocally waives his right to a presentence investigation and report, the circuit court must make findings indicating "that the information in the record enable[d] it to meaningfully exercise its sentencing authority." *See* W. Va. R. Crim. P. 32(b)(1)(B) and (C). No such findings appear on the record before us.

The petitioner in *McDonald*, like Mr. Mills, represented to the sentencing court that he waived the completion of a presentence investigation and report.[4] Furthermore, like Mr. Mills, he affirmed his desire to proceed with sentencing.[5] Unlike Mr. Mills, however, the *McDonald* petitioner moved the court for probation and alternative sentencing. Mr. Mills's sentence, in contrast, was the result of a binding plea agreement, under which both the State and Mr. Mills, agreed to a specific term of imprisonment. *See* W. Va. R. Crim. P. 11(e)(1)(C). Nevertheless, we find that this distinction does not relieve the circuit court of the obligation to meet all conditions set out in Rule 32(b)(1). After all, "[u]nder Rule 11(e)(2) of the West Virginia Rules of Criminal Procedure, the power is vested in the circuit court to accept or reject a plea agreement or to defer acting on it until the court obtains a presentence report under Rule 32(c) of the West Virginia Rules of Criminal Procedure." Syl. Pt. 3, *Myers v. Frazier*, 173 W. Va. 658, 319 S.E.2d 782 (1984).

> Furthermore, Rule 11(e)(4) spells out the procedure to be used when a court rejects a plea bargain. Obviously, one purpose for the presentence report is to enable the court to obtain information with regard to the defendant's background in order to make an informed decision as to whether to accept or reject the guilty or nolo contendere plea.

---

[4] The probation department in *McDonald* filed a one-page document recommending an eighty-year term of imprisonment, and the petitioner initially challenged the sufficiency of the document for failure to provide any meaningful information on which the circuit court could base its sentence. The *McDonald* petitioner waived the presentence investigation after the circuit court offered to delay sentencing so that the probation department could conduct an investigation.

[5] Though Mr. Mills waived his presentence investigation and report, we review his first assignment of error under the plain error analysis, for the reasons described in *McDonald*, because we find "(1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *See* Syl. Pt. 7, in part, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995).

*Myers*, 173 W. Va. at 665, 319 S.E.2d at 789 (footnotes omitted). The presentence investigation and report are, therefore, critical tools of the sentencing process, even when the parties have entered an agreement that is binding as to the recommended sentence. Consequently, we find that the circuit court erred by sentencing Mr. Mills without meeting all the conditions of Rule 32(b)(1).[6]

For the foregoing reasons, we vacate the May 17, 2022, order sentencing Mr. Mills and remand this matter to the Circuit Court of Wayne County for a new sentencing hearing, held consistent with the requirements of Rule 32, as set forth in this decision and more fully described in *State v. McDonald*.

Vacated and remanded, with directions.

**ISSUED:** October 18, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

**DISSENTING:**

Justice Tim Armstead

Armstead, Justice, dissenting:

I dissent to the majority's resolution of this case. I would have set this case for oral argument to thoroughly address the error alleged in this appeal. Having reviewed the parties' briefs and the issues raised therein, I believe a formal opinion of this Court was warranted, not a memorandum decision. Accordingly, I respectfully dissent.

---

[6] Because we vacate and remand on this ground, we do not reach Mr. Mills's second assignment of error.

4