# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**v.)  No. 23-182** (Kanawha County 17-F-417)

**Darryl Harvey,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Darryl Harvey appeals the Circuit Court of Kanawha County's February 28, 2023, order that resentenced him to consecutive terms of five to eighteen years of imprisonment for two counts of second-degree robbery.[1] On appeal, the petitioner presents one assignment of error, arguing that his sentence violated due process because the court considered impermissible factors. Upon our review, we determine oral argument is unnecessary and that a memorandum decision is appropriate. *See* W. Va. R. App. P. 21(c).

In August 2017, the petitioner was indicted for three counts of second-degree robbery. The petitioner entered into a plea agreement with the State in July 2018, whereby he agreed to enter an *Alford*[2] plea to two counts of second-degree robbery. In exchange, the State agreed to remain silent as to sentencing and dismiss the remaining count in the indictment.

At sentencing, petitioner's counsel requested the circuit court to order an alternative sentence or concurrent sentences, noting that the petitioner had demonstrated support from his family in Indiana, attended Narcotics Anonymous meetings in jail to address his history of substance abuse, had no other felony convictions, and had "worked his whole life . . . [and] was going to school." The petitioner exercised his right to allocution and spoke of the insight he had gained into "the influence of drugs and bad company" on his life.

The circuit court acknowledged the petitioner's remorse and family support but expressed concern about the nature of the offenses, which occurred during the daytime at a pharmacy, and

---

[1] The petitioner appears by counsel Edward L. Bullman; the State appears by counsel Patrick Morrisey, Attorney General; and Andrea Nease Proper, Deputy Attorney General.

[2] *North Carolina v. Alford*, 400 U.S. 25 (1970); *see* Syl. Pt. 1, *Kennedy v. Frazier*, 178 W. Va. 10, 357 S.E.2d 43 (1987) (holding that an accused may plead guilty and consent to imposition of a prison sentence "even though he is unwilling to admit participation in the crime, if he intelligently concludes that his interests require a guilty plea and the record supports the conclusion that a jury could convict him.").

his use of an air gun that "everyone believed . . . was a real gun" to commit the robberies. The court acknowledged "a very troubling situation" within the community, where "people just think[] it's okay to go in and rob our pharmacy. And hold people at what they believe is gunpoint and threaten them." Regarding the petitioner's criminal history, the court noted that he had charges that had been dismissed and opined that "if people's charges weren't dismissed by the time they hit the big leagues and are in front of me, maybe something else would've happened in their lives . . . ." The court sentenced the petitioner to serve two consecutive terms of five to eighteen years imprisonment, and the petitioner now appeals.

On appeal, the petitioner argues that the circuit court relied on impermissible factors when imposing his sentence. According to the petitioner, the court made comments at the sentencing hearing that "demonstrated a personal bias" against the petitioner because he "came [from] out of state and committed crimes against a business in a neighborhood personally known to the sentencing court." He also complains that the court demonstrated bias when it "observed that if other jurisdictions had done their job . . . and incarcerated the Petitioner, then the court's neighbors would not have been the victims of crime." We disagree.

The circuit court imposed two consecutive sentences of five to eighteen years of imprisonment for the petitioner's crimes of second-degree robbery.[3] Our analysis of this issue is guided by Syllabus Point 4 of *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982), which provides that "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Impermissible factors include "race, sex, national origin, creed, religion, and socioeconomic status . . . ." *State v. Moles*, No. 18-0903, 2019 WL 5092415, at *2 (W. Va. Oct. 11, 2019) (memorandum decision) (citation omitted). Although the petitioner considers the circuit court's alleged personal bias to be a decisive factor in sentencing, he points to no evidence that establishes the judge had any actual personal bias or prejudice, and our review of the record shows none. In our review, it is apparent that the court's comments at sentencing related to the nature of the robberies and the fact that the petitioner had criminal charges on his record that were dismissed. The court's considerations do not implicate impermissible factors. Thus, appellate review of the petitioner's sentence is not available.

For the foregoing reasons, we affirm.

Affirmed.

**DATE:** September 24, 2024

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

[3] The penalty for second-degree robbery is five to eighteen years of imprisonment. W. Va. Code § 61-2-12(b).