# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below,
Respondent**

**vs) No. 15-0505** (Jackson County 12-F-168)

**William Parsons, Defendant Below,
Petitioner**

**FILED**

**February 16, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner William Parsons, by counsel Kevin B. Postalwait, appeals the Circuit Court of Jackson County's May 1, 2015, order revoking petitioner's probation and sentencing him to a term of incarceration of one year to be served consecutively to any other sentence. The State of West Virginia, by counsel Laura Young, filed a response. On appeal, petitioner argues that the circuit court erred in sentencing him to consecutive sentences.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On October 24, 2012, the Jackson County grand jury indicted petitioner on one felony count of obtaining money, goods, or property by false pretenses, in violation of West Virginia Code § 61-3-24(a). In June of 2013, petitioner pled guilty to the lesser-included offense of misdemeanor obtaining money by false pretenses. The State agreed to recommend probation. As part of his plea agreement, petitioner also agreed to make full restitution in an amount to be determined at sentencing.

The following month, petitioner was sentenced to five years of probation by the Circuit Court of Kanawha County for fraudulent schemes. At a sentencing hearing in November of 2013, the Circuit Court of Jackson County suspended petitioner's sentence for misdemeanor obtaining money by false pretenses and placed petitioner on probation for five years. The circuit court also ordered petitioner to pay $29,180 in restitution.

On December 9, 2014, the Kanawha County Probation Department filed a motion to revoke petitioner's probation related to the crime of fraudulent schemes. The State claimed that petitioner failed three drug tests, failed to successfully complete all programs referred by the

department, and failed to pay his probation fees.[1] Several days later, the Jackson County Probation Department also filed a motion to revoke petitioner's probation related to the misdemeanor offense of obtaining money by false pretenses based upon the same violations. Additionally, the State claimed that petitioner failed to make restitution payments.

In April of 2015, the Circuit Court of Jackson County held a hearing on the State's motion to revoke petitioner's probation. By order entered May 1, 2015, the circuit court revoked petitioner's probation and sentenced him to a term of incarceration of one year to be served consecutively to any other sentence. Thereafter, petitioner filed a "motion for reconsideration of sentence."[2] By order entered June 17, 2015, the circuit court denied petitioner's motion.

On appeal, petitioner argues that the circuit court abused its discretion in sentencing him to consecutive sentences. "The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997). Moreover, "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982). To begin, we note that the statute under which petitioner was sentenced for obtaining money by false pretenses, West Virginia Code § 61-3-24(a), provides for an upper limit of incarceration of one year. Petitioner's sentence of one year is accordance with the statute. As such, petitioner's sentence for this crime is not reviewable. Furthermore, pursuant to West Virginia Code § 61-11-21, sentences for two or more convictions shall be consecutive unless the sentencing court orders them to run concurrently. Accordingly, it was within the Circuit Court of Jackson County's discretion to run petitioner's sentence for misdemeanor obtaining money by false pretenses consecutively to any other sentence. Finally, petitioner made no claims and offered no evidence to establish that his sentence was based upon any impermissible factors.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**: February 16, 2016

---

[1]Based upon the appendix record, the Circuit Court of Kanawha County revoked petitioner's probation and sentenced him to a term of incarceration of one to ten years.

[2]We note that while the West Virginia Rules of Criminal Procedure do not provide for a motion for reconsideration of sentence, criminal defendants are entitled to seek a reduction of sentence pursuant to Rule 35(b).

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II