# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below, Respondent**

**vs) No. 15-0698** (Roane County 15-F-23)

**Nathan B., Defendant Below, Petitioner**

**FILED**

**April 12, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Nathan B., by counsel Robert Goldberg, appeals the Circuit Court of Roane County's June 22, 2015, order denying his "motion for reconsideration of sentence" under Rule 35(b) of the West Virginia Rules of Criminal Procedure.[1] The State, by counsel Jonathan E. Porter, filed a response. On appeal, petitioner alleges that the circuit court erred in imposing his sentence below.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Based upon several instances of petitioner forcing his then-ten-year-old daughter to perform oral sex on him, petitioner was indicted on one count of first-degree sexual assault, one count of first-degree sexual abuse, two counts of sexual abuse by a parent, and two counts of incest. Petitioner eventually entered into a non-binding plea agreement with the State whereby he would plead guilty to five counts of first-degree sexual abuse. The State charged these five counts in an information and dismissed the indictment. The State further agreed to recommend a cumulative sentence of fifteen to seventy-five years of incarceration. However, by order entered

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Further, while the West Virginia Rules of Criminal Procedure do not provide for a motion for reconsideration of sentence, criminal defendants are entitled to seek a reduction of sentence pursuant to Rule 35(b). Accordingly, we will properly refer to petitioner's "motion for reconsideration of sentence" in this memorandum decision as a motion for reduction of sentence or a Rule 35(b) motion.

1

on May 27, 2015, the circuit court rejected this recommendation and sentenced petitioner to five consecutive terms of incarceration of five to twenty-five years, resulting in a cumulative sentence of twenty-five to one hundred twenty-five years of incarceration. Thereafter, petitioner filed a motion for reduction of sentence under Rule 35(b) of the West Virginia Rules of Criminal Procedure. By order entered on June 22, 2015, the circuit court denied the motion. It is from this order that petitioner appeals.

We have previously held that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). We note that petitioner's sentence for his crime is within the applicable statutory limitations. Specifically, the first-degree sexual abuse statute, West Virginia Code § 61-8B-7(c), states, in pertinent part, that

> the penalty for any person violating the provisions of subsection (a) of this section who is eighteen years of age or older and whose victim is younger than twelve years of age, shall be imprisonment for not less than five nor more than twenty-five years . . . .

As stated in the information below, at the time of the crimes in question petitioner was over the age of eighteen and the victim was younger than twelve. As such, it is clear that petitioner was sentenced within the applicable statutory guidelines and his sentence is not reviewable on appeal.

This is especially true in light of the fact that petitioner does not allege that the circuit court based its sentence on any impermissible factor. Instead, petitioner argues that the circuit court simply abused its discretion in rejecting the non-binding plea agreement below. According to petitioner, the circuit court's "one and only reason for rejecting the plea's sentencing recommendation was its desire for retribution." However, petitioner fails to provide any evidence to support this assertion. Instead, petitioner asserts that the circuit court's stated reasons for imposing this sentence, including presumed long-term psychological trauma to the victim, petitioner's willful violation of the bond of trust between a parent and a child, and the leniency petitioner already received by way of the dismissal of additional charges, fail to adequately explain the circuit court's sentence. As such, petitioner argues that the only conclusion is that the circuit court based its decision entirely upon retribution. However, petitioner goes on to assert that even if the Court were to believe retribution was a factor considered below, which is an assumption entirely lacking support from the record, such a consideration would not constitute an impermissible factor. For these reasons, petitioner has clearly failed to allege that the circuit court based its sentence on some impermissible factor and, therefore, the same is not reviewable on appeal.

For the foregoing reasons, the circuit court's June 22, 2015, order denying petitioner's Rule 35(b) motion is hereby affirmed.

Affirmed.

2

**ISSUED**: **April 12, 2016**

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II