# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 15-0716** (Webster County 15-F-7)

**Mary Ann Hamrick,**
**Defendant Below, Petitioner**

**FILED**

**May 23, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mary Ann Hamrick, by counsel Daniel R. Grindo, appeals the Circuit Court of Webster County's June 18, 2015, order sentencing her to a cumulative term of incarceration of four to twenty years following her guilty plea to one count of possession of substances to be used as precursor to manufacture methamphetamine and two counts of conspiracy. The State, by counsel Jonathan E. Porter, filed a response. On appeal, petitioner alleges that her sentence is excessive.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was initially charged with one count of conspiracy to operate a clandestine drug laboratory or attempt to commit that crime; one count of possession of methamphetamine precursors; one count of conspiracy to possess with intent to deliver a controlled substance; and possession with intent to deliver a controlled substance. However, by virtue of a plea agreement, petitioner ultimately pled guilty to one count of possession of methamphetamine precursors and two counts of conspiracy; the remaining charge was dismissed. In May of 2015, the circuit court sentenced petitioner to a term of incarceration of two to ten years for the count of possession of methamphetamine precursors and a term of one to five years for each of the two counts of conspiracy. All sentences were ordered to run consecutively. It is from the sentencing order that petitioner appeals.

We have previously held that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). We note that petitioner's sentences for her crimes are within the applicable statutory limitations. Specifically, West Virginia Code § 60A-10-4(d) states that

1

[a]ny person who knowingly possesses any amount of ephedrine, pseudoephedrine, phenylpropanolamine or other designated precursor with the intent to use it in the manufacture of methamphetamine or who knowingly possesses a substance containing ephedrine, pseudoephedrine or phenylpropanolamine or their salts, optical isomers or salts of optical isomers in a state or form which is, or has been altered or converted from the state or form in which these chemicals are, or were, commercially distributed is guilty of a felony and, upon conviction, shall be imprisoned in a state correctional facility for not less than two nor more than ten years . . . .

Additionally, West Virginia Code § 61-10-31 states that

[a]ny person who violates the provisions of this section by conspiring to commit an offense against the State which is a felony, . . . shall be guilty of a felony, and, upon conviction thereof, shall be punished by imprisonment in the penitentiary for not less than one nor more than five years . . . .

As such, it is clear that petitioner was sentenced within the applicable statutory guidelines and her sentence is not reviewable on appeal.

This is especially true in light of the fact that petitioner does not allege that the circuit court based its sentence on any impermissible factor. Instead, petitioner argues that her sentence is excessive based upon her relatively limited prior criminal history and her minimal involvement in the crimes in question. The Court, however, notes that none of these issues constitute an allegation that the circuit court based petitioner's sentence on an impermissible factor. As such, we reiterate that petitioner's sentence is, therefore, not reviewable on appeal.

For the foregoing reasons, the circuit court's June 18, 2015, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: **May 23, 2016**

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II