# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

vs) **No. 15-1222**  (Wirt County 14-F-26)

**Jeffrey S.,**
**Defendant Below, Petitioner**

**FILED**

**November 14, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Jeffrey S., by counsel Reggie R. Bailey, appeals the Circuit Court of Wirt County's November 19, 2015, order sentencing him to consecutive terms of incarceration of not less than two nor more than ten years for operating a clandestine drug laboratory and to not less than ten nor more than twenty years for sexual abuse by a person in position of trust in relation to a child.[1] Respondent, by counsel Shannon Fredrick Kiser, filed a response. On appeal, petitioner argues that the circuit court erred in imposing his sentence, sentencing him to consecutive terms of incarceration, and placing him on thirty years of supervised release.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2014, petitioner was indicted on five counts of operating a clandestine drug laboratory, one count of possession of substances to be used as a precursor to the manufacture of methamphetamine, one count of exposure of a child to methamphetamine manufacturing, five counts of third-degree sexual assault, and five counts of sexual abuse by a person in position of trust in relation to a child. The charges stemmed from the allegation that petitioner manufactured methamphetamine and engaged in sexual intercourse with a thirteen-year-old child who lived in his home.

In March of 2015, petitioner, with the assistance of counsel, entered into a plea agreement with respondent whereby he pled guilty to one count of operating a clandestine drug

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.,* 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.,* 183 W.Va. 641, 398 S.E.2d 123 (1990).

laboratory pursuant to West Virginia Code § 60A-4-411(a) and one count of sexual abuse by a person in position of trust in relation to a child pursuant to West Virginia Code § 61-8D-5(a). In exchange, respondent dismissed the remaining criminal charges.[2] At the plea hearing, petitioner admitted that he operated a methamphetamine laboratory and engaged in sexual intercourse with a thirteen-year-old child. Petitioner further admitted to caring for the child and taking the child to various activities. On May 26, 2015, the circuit court sentenced petitioner to consecutive terms of incarceration of not less than two nor more than ten years for operating a clandestine drug laboratory and to not less than ten nor more than twenty years for sexual abuse by a person in position of trust in relation to a child and to a period of supervised release for thirty years. The circuit court noted that petitioner's case was "extremely serious and troubling" and found that he was involved in a long-term sexual relationship with the child and he blamed the child for their sexual relationship. The circuit court further found, that despite his conviction for operating a methamphetamine laboratory, petitioner continued to abuse marijuana. Petitioner's pre-sentence investigation report also indicated that he had pending sexual abuse charges involving another child victim. Based on these findings, the circuit court denied petitioner's motion for probation or alternative sentencing. Petitioner was sentenced by order entered on November 19, 2015. It is from this order that petitioner now appeals.

Regarding petitioner's claim that the circuit court erred in imposing his sentence, petitioner argues that his sentence is excessive based upon his contention that he is a "first time felon." This Court has previously held that we review "sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 2, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). We have also previously held that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight,* 169 W.Va. 366, 287 S.E.2d 504 (1982)." *Georgius*, 225 W.Va. at 718, 696 S.E.2d at 20, Syl. Pt. 3. We note that petitioner's sentences for his crimes are within the applicable statutory limitations and are not based on any impermissible factor.

West Virginia Code § 60A-4-411(a) provides that any person convicted of operating a clandestine drug laboratory ". . . is guilty of a felony and, upon conviction, shall be confined in a state correctional facility for not less than two years nor more than ten years . . . ." The record shows that petitioner was sentenced to a period of not less than two years nor more than ten years for this crime. Additionally, West Virginia Code § 61-8D-5(a) provides that

> [i]f any . . . person in a position of trust in relation to a child under his . . . care, custody or control, shall engage in . . . sexual intercourse [with] . . . a child under his . . . care, custody or control . . . then such . . . person in a position of trust shall be guilty of a felony and, upon conviction thereof, shall be imprisoned in a correctional facility not less than ten nor more than twenty years . . . .

---

[2]Respondent noted on the record that there was potentially another victim coming forward and that petitioner's plea agreement in the current case did not affect its ability to prosecute petitioner for additional victims.

The record shows that petitioner was sentenced to a period of not less than ten years nor more than twenty years for this crime. As such, it is clear that petitioner was sentenced within the applicable statutory guidelines. Moreover, the circuit court did not base the sentence imposed on any impermissible factor. Thus, petitioner's sentences are not reviewable on appeal.

Petitioner next argues that the circuit court erred in sentencing him to consecutive terms of incarceration because his co-defendant in the operation of a methamphetamine laboratory case was granted home incarceration.[3] He contends that he received a term of incarceration for his operation of a methamphetamine laboratory conviction as "an extra punishment in the sexual offense case." Regarding the imposition of consecutive sentences, we have held that "[w]hen a defendant has been convicted of two separate crimes, before sentence is pronounced for either, the trial court may, in its discretion, provide that the sentences run concurrently, and unless it does so provide, the sentences will run consecutively." Syl. Pt. 3, *State v. Allen*, 208 W.Va. 144, 539 S.E.2d 87 (1999).

Petitioner provides no support for his argument that the trial court abused its discretion by imposing consecutive, rather than concurrent, sentences. Petitioner merely states that he received an extra penalty in sentencing that his co-defendant did not. We have held that "[d]isparate sentences for co-defendants are not per se unconstitutional. Courts consider many factors such as co-defendants' respective involvement in the criminal transaction (including who was the prime mover), prior records, rehabilitative potential (including post-arrest conduct, age and maturity), and lack of remorse . . . . " Syl. Pt. 2, *State v. Buck*, 173 W.Va. 243, 314 S.E.2d 406 (1984). At his plea hearing, petitioner admitted to acquiring unsealed bottles of chemicals, camp fuel, propane gas, instant ice packs, Drain-O, iodized salt, lighter fluid, match sticks, lithium battery strips, coffee filters, cold medicine containing pseudoephedrine, and to operating a methamphetamine laboratory. Further, petitioner pled guilty to sexual abuse of a child, his co-defendant did not take part in this additional criminal conduct. As such, we find no error in the circuit court's imposition of consecutive sentences in petitioner's case.

Finally, petitioner argues on appeal that the circuit court erred in placing him on supervised release pursuant to West Virginia Code § 62-12-26 because the term of supervised release exposes him to double jeopardy and is disproportionate in nature. This Court does not agree, as we have previously established that supervised release does not violate double jeopardy. West Virginia Code § 62-12-26 provides that "any defendant convicted . . . [under West Virginia Code § 61-8D-5] . . . shall, as part of the sentence imposed at final disposition, be required to serve, in addition to any other penalty or condition imposed by the court, a period of supervised release of up to fifty years[.]" Further,

> [t]he imposition of the legislatively mandated additional punishment of a period of supervised release as an inherent part of the sentencing scheme for certain offenses enumerated in West Virginia Code § 62-12-26 [] does not on its face violate the double jeopardy provisions contained in either the United States Constitution or the West Virginia Constitution.

---

[3]Petitioner's co-defendant in the operation of a methamphetamine laboratory count was not involved in or charged with any sexual offense charges.

Syl. Pt. 11, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2001). We note that petitioner received a supervised release sentence of thirty years. Again, this sentence was imposed within the statutory guidelines and, therefore, is not reviewable on appeal. As such, we find nothing unconstitutionally disproportionate in petitioner's sentence.

For the foregoing reasons, the circuit court's November 19, 2015, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: November 14, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II