# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 18-1042**   (Wood County 17-F-336)

**Jennifer Marie Wallace,**
**Defendant Below, Petitioner**

**FILED**

**October 11, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Jennifer Marie Wallace, by counsel Courtney L. Ahlborn, appeals the September 13, 2018, order entered in the Circuit Court of Wood County that sentenced her to seven years in prison upon her guilty plea to one count of second-degree arson. The State of West Virginia, by counsel Scott E. Johnson, filed a response and a supplemental appendix. On appeal, petitioner argues that her sentence is constitutionally impermissible because it is disproportionate to her crime.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

On November 7, 2017, petitioner was indicted by a Wood County Grand Jury on one count of first-degree arson, *see* West Virginia Code § 61-3-1, and two counts of causing serious bodily injury during an arson-related crime. *See* W.Va. Code § 61-3-7(b). Petitioner thereafter entered a guilty plea to second-degree arson, a lesser-included offense of first-degree arson. *See* W.Va. Code § 61-3-2. Under the plea agreement, the State agreed to dismiss the remaining counts of the indictment.

According to the pre-sentence investigation report, on August 24, 2017, petitioner went to the apartment of a former boyfriend where she got into an argument with him, his girlfriend, and another resident of the apartment building. As petitioner left the residence, she set fire to a gas can that was located on the back deck, which connects to other apartments within the building. Petitioner's former boyfriend sustained injuries to the inside of his legs while attempting to extinguish the fire, while another tenant burned his hand after he grabbed a door knob in an effort to locate the fire.

1

Various witnesses informed police that petitioner had bragged about previously setting houses on fire when she was upset or someone owed her money. In the present case, petitioner told one witness that someone was "going to take a loss today." In her own statements to police,[1] petitioner stated that she "was on a lot of drugs plus very intoxicated[.]" She told police that she "walked out back, grabbed a gas can and lit the f****ng thing and walked off[,]" that she was trying to harm her former boyfriend's present girlfriend, and that if she sees the girlfriend "when she gets out that she will kill her." According to petitioner, "it was set that place on fire or blow that b**ch's head off. I don't have access to a gun"[;] however, she declared that if she did have access to a gun, she would have "walked up, pulled the screen out and pulled the trigger." Petitioner stated further that she did not care about the other people who were in the apartment or about "the drug addicts upstairs or their two little kids." During her arraignment, petitioner continued to state that she wished that the girlfriend was dead and that she would have set her on fire. When her bond was set at $300,000, petitioner declared, in the presence of the presiding magistrate, that, "for a $300,000 bond, I should have just killed her." Petitioner also told police that if someone "pissed me off" again, that she would probably set someone else's house on fire.

A sentencing hearing was conducted on September 13, 2018. During the hearing, petitioner, by counsel, requested alternative sentencing, noting that petitioner had already been incarcerated for 385 days, that she had a very minimal criminal history, and that the underlying incident "was fueled a lot by her substance abuse problem, which she would be willing to address during her probation." The State requested a sentence "between seven years and the maximum" [i.e., ten years]. At the conclusion of the hearing, the circuit court denied petitioner's request for alternative sentencing and sentenced her to a period of incarceration of seven years. In the September 13, 2018, order memorializing petitioner's sentence, the court stated "that the character and the circumstances of the case indicate that the Defendant is likely to again commit crime and that the public good does require that the Defendant be imprisoned." It is from this order that petitioner now appeals.

Petitioner's sole assignment of error is that her sentence is disproportionate to the crime and violates the constitutional prohibition against cruel and unusual punishment. She contends that she had a minimal criminal history consisting only of misdemeanors, had no prior felony convictions or arrests, and advised the court that she was willing to undergo substance abuse treatment in connection with an alternative sentence. Petitioner acknowledges that "the threat of significant damage and injury to people is always present in arson[.]" However, she argues, the people who put out the fire suffered only "minimal burns" that "did not require significant medical treatment" and the apartment building itself sustained only minimal damage. Petitioner argues that, for all of these reasons, the seven-year sentence imposed upon her is disproportionate to the crime and should be vacated in favor of an alternative sentence of a prison term of less than five years.

We find no error. This Court reviews sentencing orders "'under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syllabus Point 1, [in part,] *State v. Lucas,* 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 2, in part, *State v. Eilola*, 226 W. Va. 698, 704 S.E.2d 698 (2010). Furthermore,

---

[1] Petitioner gave two statements to police after waiving her rights under *Miranda v. Arizona*, 384 U.S. 486 (1966).

"'sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight,* 169 W.Va. 366, 287 S.E.2d 504 (1982)." *Eilola*, 226 W. Va. at 699, 704 S.E.2d at 699, syl. pt. 1. Finally, this Court has explained that "[w]hile our constitutional proportionality standards theoretically can apply to any criminal sentence, they are basically applicable to those sentences where there is either no fixed maximum set by statute or where there is a life recidivist sentence." Syl. Pt. 4, *Wanstreet v. Bordenkircher*, 166 W. Va. 523, 276 S.E.2d 205 (1981).

Pursuant to West Virginia Code § 61-3-2, one who is convicted of arson in the second degree "shall . . . be sentenced to the penitentiary for a definite term of imprisonment which is not less than one nor more than ten years." *Id.*, in part. Petitioner's seven-year sentence clearly falls within these statutory parameters. Moreover, petitioner does not claim that the sentence imposed was based upon any impermissible factors. *See Eilola*, 226 W.Va. at 699, 704 S.E.2d at 699, syl. pt. 1. To the contrary, the circuit court properly considered the fact that petitioner had no regard for the ramifications of her actions, regretted that her actions had not resulted in the girlfriend's death, and declared that if someone "pissed [her] off" again, she would set someone else's house on fire. The court's belief that petitioner "is likely to again commit crime" and that she should be imprisoned for "the public good" was not ill-conceived. The imposition of a seven-year sentence was, thus, within the circuit court's discretion and petitioner's claim that it was disproportionate to the crime is without merit.[2]

For the foregoing reasons, the circuit court's sentencing order entered on September 13, 2018, is affirmed.

Affirmed.

**ISSUED:** October 11, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[2] To the extent petitioner suggests that the circuit court erred in refusing to grant her request for an alternative sentence, we note that petitioner's brief fails to present any legal authority in support of such a claim. This Court has made clear that "[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim[.]" *State, Dep't of Health v. Robert Morris N.*, 195 W. Va. 759, 765, 466 S.E.2d 827, 833 (1995) (internal quotation marks and citations omitted). We thus decline to address this inadequately briefed issue on the merits.