# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 19-0232** (Putnam 18-F-16)

**William R.,**
**Defendant Below, Petitioner**

**FILED**

**July 30, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner William R., by counsel Herbert L. Hively, II and Paul Eugene Stroebel, appeals the March 13, 2019, order of the Circuit Court of Putnam County that sentenced him on two counts of sexual abuse in the first degree of his daughters, T.R. and A.R., and one count of distributing a non-narcotic controlled substance to his daughter S.R. under West Virginia Code § 60A-4-406(b).[1] The State of West Virginia, by counsel Holly M. Flanigan, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2018, petitioner was indicted on two counts of first-degree sexual abuse of his daughters, T.R. and A.R., under West Virginia Code § 61-8B-7(a)(1); and one count of distributing a non-narcotic controlled substance to a person under the age of eighteen, his daughter S.R., under West Virginia Code § 60A-4-406(b). Petitioner's criminal conduct occurred between 1996 and 2004. At the time of his arrest, petitioner was living with his wife of ten years, who was not the children's mother.

On December 13, 2018, petitioner pled guilty to all three counts. The circuit court retained discretion in sentencing.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W. Va. 24, 435 S.E.2d 162 91993); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

At the outset of petitioner's February 13, 2019, sentencing hearing, the trial court noted that it had considered petitioner's presentence investigation report, petitioner's supplement regarding that report and his objections to it, and the letters the court received from petitioner's current wife and two of his friends. The court then heard argument from petitioner's counsel who asked that petitioner be sentenced to concurrent terms for his offenses. Petitioner's counsel emphasized petitioner's cooperation in this case, his attributes, his time in the military, his lack of other criminal convictions, his age, the length of time between his crimes and his convictions, and the letters from his wife and two friends describing his good character and their disbelief that petitioner committed the crimes of which he was accused.

Petitioner's victims then testified. A.R. testified that despite the time that had passed since petitioner's sexual abuse, she "wake[s] up in the night and [she] can feel him on [her] skin. The nightmares continue and are horrendous." Regarding her mother and her sisters, A.R. said, "[a]ll we could do was simply survive. Over time [petitioner] obliterated my family . . . and caused us more pain and fear than most could ever fathom." A.R. concluded that she "lost," no matter the outcome of the sentencing hearing.

S.R. spoke of the devastating effects of unresolved trauma and how it (1) affected her habits and her outlook on life, (2) led to addictions and poor decision-making, and (3) took a toll on her relationships. She also said that the trauma triggered physical pain that spread until it "obscured reality and challenged beliefs." S.R. asked the court to give her family "the power to transform and resurrect."

T.R. described how petitioner's "ghost haunts [her], watching over [her] life, planning to do harm." She also described how petitioner "uprooted the memory of God and showed [her] that there is no heaven, but only flames of fire." T.R. said petitioner, "[l]ike a lion . . . hunted [her,] and destroyed every part of [her]."

In sentencing petitioner, the court said that it agreed "you have to take the sum total of a person's life . . . [b]ut at the same time, we all have to have accountability for the things that we do in our lives, good and bad." The court noted that petitioner "terrorized his family for a lot longer than he served his country," and "you can see from [petitioner's daughters'] statements the appreciable pain that he's put them through as victims[.]" The court noted that the statutory penalty for both sexual abuse in the first degree under West Virginia Code § 61-8B-7(a)(1), and for distributing a controlled substance to a minor under West Virginia Code § 60-4-406(b) is one to five years in prison. The circuit court also noted that, due to petitioner's plea agreement, it was limited in sentencing. The court then imposed a sentence of one to five years in prison for each of petitioner's three crimes, to run consecutively, followed by a term of fifty years of supervised release. In denying petitioner's request to run his sentences concurrently, the court said, "[s]ometimes . . . the sentence does not even do justice to the crimes, and perhaps this is one of those times."

Petitioner now appeals that circuit court's sentencing order. "The Supreme Court of Appeals reviews sentencing orders, including orders of restitution made in connection with a defendant's sentencing, under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221

2

(1997).

Petitioner raises two assignments of error on appeal. Petitioner first argues that his sentence is excessive and disproportionate in violation of Article III, Section 5 of the West Virginia Constitution because his case is replete with mitigating circumstances. Petitioner highlights that (1) he is an honorably discharged veteran with no prior criminal history; (2) he was a police officer for two years; (3) he has always been employed and is a productive member of society; and (4) fourteen years had passed since he committed his crimes. Although petitioner acknowledged the seriousness of his crimes, he claimed that his three one-to-five-year sentences could be a life sentence given that he is sixty years old and has health issues. Petitioner asks that he be resentenced and that, upon resentencing, the court order two or all three of his sentences run concurrently.

We have oft said that "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982). Petitioner's sentences are within "statutory limits." The statutory penalty for both sexual abuse in the first degree under West Virginia Code § 61-8B-7(a)(1), and for distributing a non-narcotic controlled substance under West Virginia Code § 60-4-406(b), is one to five years in prison. The circuit court imposed that sentence for each of petitioner's three crimes.

As for petitioner's proportionality argument, we reject it. We have held that, "[w]hile our constitutional proportionality standards theoretically can apply to any criminal sentence, they are basically applicable to those sentences where there is no fixed maximum set by statute or where there is a life recidivist sentence." Syl. Pt. 4, *Wanstreet v. Bordenkircher*, 166 W. Va. 523, 276 S.E.2d 205 (1981). Here, petitioner's sentences have a fixed maximum and he did not receive a life recidivist sentence. Further, the Court has consistently declined to review proportionality challenges to sentences rendered under statutes providing maximum penalties. *See*, *e.g.*, *Robert J.M. v. Ballard*, No. 14-1315, 2016 WL 3369556, at *12 (W. Va. June 17, 2016)(memorandum decision). Finally, "[i]t is not the proper prerogative of this Court to substitute its judgment for that of the trial court on sentencing matters[.]" *State v. Georgius*, 225 W. Va. 716, 722, 696 S.E.2d 18, 24 (2010).

Regarding the question of whether petitioner's sentence was based on any impermissible factor, petitioner claims in his second assignment of error that the trial court gave undue emphasis to the victims' statements as shown by the fact that it ran petitioner's sentences concurrently. Petitioner also claims that the court failed to address the letters provided by his wife and his two friends or any of the alleged mitigating factors he listed above. Petitioner concludes, without citation to any authority, that it is impermissible for the trial court to rely so heavily on the victims' statements and to fail to acknowledge his mitigating evidence.

We first note that West Virginia Code § 61-11A-3 mandates that a sentencing court consider the impact of a crime on its victims. Thus, the court was required to consider the victims' impact statements. Moreover, at petitioner's sentencing hearing, the court also considered petitioner's presentence investigation, his letter regarding the presentence investigation and their objections to it, and the argument from both of petitioner's attorneys who sought the imposition of concurrent sentences. The court also considered the letters submitted to it from petitioner's wife

and his friends, despite petitioner's claims to the contrary.

Accordingly, because petitioner fails to show that his sentence was constitutionally excessive or disproportionate, we affirm the circuit court's March 13, 2019, sentencing order.

Affirmed.

**ISSUED:** July 30, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

**NOT PARTICIPATING:**

Justice Margaret L. Workman