**FILED**

**January 18, 2022**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 21-0080** (Berkeley County CC-02-2019-F-147)

**Brian A. Taulton,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Brian A. Taulton, by counsel Matthew T. Yanni, appeals the Circuit Court of Berkeley County's January 20, 2021, order sentencing him to one to five years of incarceration with fifteen days of credit for time served. Respondent the State of West Virginia, by counsel Patrick Morrisey and Karen C. Villanueva-Matkovich, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On December 18, 2017, in the District Court of Maryland, Montgomery County, petitioner pled guilty to the felony offense of obtaining the property of a vulnerable adult. He was sentenced to three years of incarceration, but his sentence was suspended and petitioner was placed on probation for two years.

In August of 2018, petitioner was arrested in Berkeley County, West Virginia, on several offenses, including obtaining money by false pretenses and/or schemes, conspiracy, forgery and/or uttering, and grand larceny. In May of 2019, he was indicted of one count of financial exploitation of an elderly person, one count of conspiracy to commit financial exploitation of an elderly person, one count of felony fraudulent scheme, four counts of forgery, and four counts of uttering in Berkeley County. Petitioner pled not guilty to these charges. The Maryland court revoked petitioner's probation and issued a bench warrant for his arrest due to his failure to appear for a probation revocation hearing.

Petitioner appeared before the Circuit Court of Berkeley County for an extradition hearing

1

on January 10, 2020, during which he requested that he be extradited to Maryland. The State of West Virginia objected, pursuant to *State ex rel. Games-Neely v. Sanders*, 220 W. Va. 230, 641 S.E.2d 153 (2006).[1] That extradition matter was dismissed and refiled as 2020-P-20. Petitioner appeared for a hearing in that matter on January 21, 2020, and the State of West Virginia again objected to petitioner's extradition. The circuit court agreed with the State, noting that

> if [petitioner] were to be extradited to Maryland at this time, the course of the jury trial scheduled for March 26, 2020 could be impacted in a significant manner, and the State of West Virginia has a strong interest i[n] prosecuting [petitioner] on the charges for which he was indicted.

Petitioner renewed his request for extradition on March 19, 2020, after petitioner's trial was continued due to the Covid-19 pandemic. On that same date, the circuit court issued its "Order Granting Motion and Ordering Extradition." On April 1, 2020, petitioner filed his "Motion for Release from Extradition Hold," asserting that "he waived his right to contest extradition on the nineteenth (19) day of March 2020 and that ten (10) business days have passed without him being retrieved by the State of Maryland." On April 2, 2020, the State objected and requested that the circuit court deny petitioner's motion for release and allow ten additional days for Montgomery County, Maryland, to transport petitioner. Thereafter, on April 7, 2020, the circuit court entered its "Order Releasing [Petitioner] on Bail" so that he could be extradited to Maryland. However, petitioner was extradited to Maryland prior to his release in West Virginia.

In September of 2020, petitioner agreed to enter a plea in Berkeley County to conspiracy to commit financial exploitation of an elderly person. He entered his plea of no contest to that charge on September 28, 2020, and the circuit court ordered a presentence investigation ("PSI"), which was completed in November of 2020. Probation Officer Aaron Friedman calculated petitioner's jail credit at fifteen days. On December 1, 2020, petitioner filed his sentencing memorandum, requesting "that he be awarded at least one hundred and four (104) days" of credit for time served if his sentence was not suspended for probation. The parties appeared for sentencing on January 12, 2021, and the State set forth that it

> came up with 77 days between the date [it] lodged [its] objection and asked Judge Lorensen not to let [petitioner] go and the day he was released. [Petitioner's counsel] got a couple more, I'm not particularly concerned with, ten days here or

---

[1] When a person who has been charged with committing a crime within the State of West Virginia is arrested in this State on a fugitive warrant for crime(s) committed in another state, he or she may waive extradition proceedings. However, upon the election of a county prosecuting attorney to prosecute the defendant for a pending charge in this State prior to his or her extradition to such other jurisdiction, the defendant's waiver of extradition proceedings shall be unenforceable until such time as the defendant has been timely tried and either acquitted or convicted and punished in this state.

Syl. Pt. 2, *State ex rel. Games-Neely v. Sanders*, 220 W. Va. 230, 641 S.E.2d 153 (2006).

there doesn't matter all that much, I'm not going to fight about that. I think there's nothing in the code or case law I could find where he's entitled to that time but it does seem like a fair-is-fair type thing, so I think if sentence is imposed then that should be credited, whatever amount your [h]onor wishes to give him.

Petitioner requested an alternative sentence of probation. Petitioner was sentenced to one to five years of incarceration, in addition to being ordered to pay restitution in the amount of $11,600. The circuit court held that the days petitioner spent awaiting extradition were "dead time" and awarded him fifteen days of jail credit by order entered on January 20, 2021. *See Games-Neeley* at 232 n.7, 641 S.E.2d at 155 n.7 ("'Dead time' refers to the fact that [the defendant] would earn no credit for time served while being held on the fugitive warrant. He would receive no credit on the Virginia charges as he was not being held in Virginia. He would receive no credit on the West Virginia charge as he had been released on bail with respect to that charge."). Petitioner appeals from that order.[2]

As this Court has found:

1. "[S]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syllabus Point 4, *State v. Goodnight,* 169 W.Va. 366, 287 S.E.2d 504 (1982).

2. "The Supreme Court of Appeals reviews sentencing orders, including orders of restitution made in connection with a defendant's sentencing, under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syllabus Point 1, *State v. Lucas,* 201 W.Va. 271, 496 S.E.2d 221 (1997).

Syl. Pts. 1 and 2, *State v. Eilola*, 226 W. Va. 698, 704 S.E.2d 698 (2010).

However, in the instant case, we decline to address the merits of petitioner's single assignment of error, that the circuit court failed to award him sufficient credit for time served, due to his failure to comply with this Court's rules. Rule 10(c)(7) of the West Virginia Rules of

---

[2] The parties fail to set forth the relevant dates for the determination of credit for time served. However, according to the PSI, petitioner was arraigned on August 14, 2018, and bail was set that day. Petitioner was unable to make bail at that time. After he waived his preliminary hearing, bail was reduced and he was able to post bond on August 28, 2018, at which time he was released. According to petitioner's sentencing memorandum filed below,

the entire fifteen days credit allotted to [petitioner] in the [PSI] Report comes from [the] time he served prior to posting his reduced bail . . . . Ultimately, [petitioner] was not extradited until approximately the seventh (7) day of April 2020. During this time, [petitioner] spent at least eight-nine (89) days awaiting extradition due to the State of West Virginia's objection to his extradition. For these reasons, [petitioner] requests that he be awarded at least one hundred and four (104) days of jail credit . . . .

Appellate Procedure provides as follows:

> [t]he brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on . . . The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

Additionally, in an Administrative Order entered on December 10, 2012, Re: Filings That Do Not Comply With the Rules of Appellate Procedure, the Court noted that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the . . . record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules.

As noted above, petitioner does not set forth the dates used to arrive at the additional eighty-nine days he claims he was entitled as credit for time served. In addition, the argument section of his brief is a single page, and it lacks any citation to the record so it does not point to any objection by petitioner to the amount of credit for time served awarded below. Moreover, petitioner's argument is composed simply of quotes and facts from precedent from this Court, in addition to a quote from a dissent, without any reference to the facts of the instant matter let alone any analysis applying this Court's precedent to those facts. As we have repeatedly reminded litigants, "[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim. . . . Judges are not like pigs, hunting for truffles buried in briefs." *State v. Kaufman*, 227 W. Va. 537, 555 n.39, 711 S.E.2d 607, 625 n.39 (2011) (citation omitted). For these reasons, we decline to attempt to address the merits of what we perceive petitioner's argument may be. Therefore, the circuit court's January 20, 2021, sentencing order is hereby affirmed.

Affirmed.

**ISSUED:** January 18, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins

**DISSENTING:**

Wooton, Justice, dissenting:

I respectfully dissent, as I believe that the issue presented in this case, whether so-called "dead time" should be counted as time served toward a West Virginia sentence, is one of first

4

impression that should be addressed by the Court in a signed opinion.

In this case, the petitioner was awaiting trial in West Virginia when Maryland filed a fugitive warrant based on his failure to appear at a probation revocation hearing. The petitioner was arrested on the warrant in West Virginia and, although he waived extradition, the State objected because his trial was scheduled in the near future. Ultimately, following a sequence of events including a Covid-related continuance and a second waiver of extradition to which the State again objected, the petitioner had spent between 77 and 89 days[3] in jail on the fugitive warrant – 77 to 89 days of dead time.

This Court would be writing on a clean slate in determining whether fundamental fairness dictates the post-conviction grant of time served for days –and indeed, months – of dead time, particularly where, as in this case, the time was served because the State objected to the petitioner's waiver of extradition. There is no statute on point, and no case law that squarely addresses the issue presented. In this regard, although I agree with the majority that the petitioner's brief failed to comply with Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, I disagree that the proper remedy is the most draconian possible: refusing to address the petitioner's assignment of error. I would put this case on the Court's Rule 20 docket and decide it on the merits, not on the basis of a procedural default.

---

[3] The parties presented different calculations to the circuit court, although the State informed the court that "I'm not particularly concerned with, ten days here or there doesn't matter all that much[,]" and concluded that "it does seem like a fair-is-fair type thing, so I think if sentence is imposed then that should be credited, whatever amount your [h]onor wishes to give him."